TEXAS-LOUISIANA POWER COMPANY v. W. A. WELLS ET AL.

No. 5859. Decided April 28, 1932.
(48 S. W. 2d Series, 978.)

398

*Leachman & Gardere,* of Dallas, for appellant.

Where the defendant files a plea of privilege in the time and manner required by statute, and the plaintiff fails to file a controverting affidavit thereto in the time and manner required by statute, but permits a six weeks' term of court to pass without any further pleadings or action on the plea by the court, the same is sustained automatically by operation of law, and the court, thereafter, has no jurisdiction to do other than transfer the cause to the county of defendant's domicile.  R. S., 1925, art. 2007; Texas & N. O. Ry. Co. v. Parsons, 109 S. W., 240; Texas & Pac. Ry. Co. v. Mangum, 68 Texas, 342, 4 S. W., 617; Payne v. Coleman, 232 S. W., 537; Yates v. State, 3 S. W. (2d) 114.

A plea of privilege in statutory form, unless contested, establishes absolutely the right to have the venue changed.  The plaintiff can no longer rely on the allegations of his petition as *prima facie* proof of his right to maintain the suit brought, but it is incumbent on him to contest under oath and allege and prove the specific facts upon which he relies.  Ray v. Kimball Co., 207 S. W., 351; Murphy v. Dabney, 208 S. W., 981; Richardson v. Cage Co., 113 Texas, 152, 252 S. W., 747; Littlefield State Bank v. Moore, 257 S. W., 1007; Waxahachie Natl. Bank v. Rothchild Co., 235 S. W., 633.

*Donald & Donald,* of Bowie, for appellees.

Even though the plea of privilege is filed, and no controverting affidavit is filed within the five days provided by statute, the court does not lose jurisdiction to determine the sufficiency of such plea or the right to have same sustained. Yates v. State, 3 S. W. (2d) 114, and authorities there cited; Watson Co. v. Cobb Grain Co., 292 S. W., 174.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals, second district, has submitted the following certificate containing certified questions:

"In this case the plaintiffs, W. A. Wells and wife, filed suit in Montague County on June 20, 1929, against the Texas Louisiana Power Company, alleged to be a private corporation, and the Terrall Toll Bridge Company, also alleged to be a private corporation, and each one of the corporations was alleged to have an agent in Montague County, specifically named.

"The petition alleged that the son of the plaintiffs, a young lad of about fifteen years of age, attempted to climb up on the toll bridge across Red River and was killed by coming in contact with the wires carrying 22,000 volts of electricity. On the afternoon of Saturday before the July term began, counsel for plaintiffs was in the district clerk's office and asked him if there had been any other papers filed in this case, and was told that there had not been. About a week before the July term of court convened, the district clerk received a request from counsel for the defendant Texas Louisiana Power Company asking for a certified copy of the petition in said cause, and the district clerk consulted with Mr. June Donald in reference thereto, and Mr. Donald requested him to advise him immediately upon receipt of any pleading that might be filed in said cause by any defendant. The clerk promised to do so. After the convening of the July term, the district clerk told Mr. Donald that the Terrall Toll Bridge Company had filed a motion to quash service, and Mr. Donald told the clerk that if anything else was filed to notify him immediately. The July term of the district court did not try any contested civil cases, and the clerk testified that all contested civil cases had been passed until the October term of court, prior to the time this plea of privilege came to his office. After the court convened for the October term, all cases were then called for setting and the case of W. A. Wells et al. v. Texas Louisiana Power Company et al., was set for trial on October 28th, the first day of the second week. Immediately after Mr. Donald reached Bowie,

where he lived, he called Mr. Pinkney Grissom, of Dallas, and told him to notify Mr. Leachman, counsel for the Texas Louisiana Power Company, of the setting of the case, in which he was interested. Mr. Leachman did not answer such notice, but Mr. Donald telephoned Mr. Alfred McKnight, of Fort Worth, counsel for the Terrall Toll Bridge Company, on Wednesday of that week, and Mr. McKnight told him that he had been informed by Mr. Leachman of the filing of a plea of privilege. Mr. Donald then telephoned the district clerk and asked him if such a plea had been filed, and was informed that the only one he remembered was the one to which he had called attention to when court first convened in July. On Friday of that week, Mr. Donald came to Montague and told the district clerk of the conversation he had had with McKnight, and they searched for said plea in the files for two hours or more, and were unable to find it; he started home and the clerk called him back, stating that he had found the papers in the transfer files. Donald testified that at no time was he ever advised or knew of any attempt to file such plea, and at no time had possession of the papers in said cause so that he might find out such to be a fact; that he relied upon the district clerk's promise to notify him of the filing of the papers.

"The plea of privilege filed by the defendant Texas Louisiana Power Company, omitting formal parts, is as follows:

" 'This defendant, the party claiming such privilege, was not, at the institution of such suit, nor at the time of the service of process thereon, nor at the time of the filing of such plea, a resident of Montague County, Texas, the county in which suit was instituted.

" 'The County of the residence of this defendant at the time of such plea, as well as at the time of the filing of the same, is Tarrant County, Texas.

" 'No exception to exclusive venue in the county of one's residence, provided by law, exists in said cause.

" 'Wherefore, premises considered, this defendant prays the court to sustain this plea of privilege.'

"The plea of privilege was filed Saturday afternoon late, immediately prior to the convening of the July term.

"The plea of privilege was followed by a general demurrer and a general denial without waiving the plea of privilege, and still insisting upon the same and excepting to the action of the court in case the same should be overruled.

"There was also introduced the Terrall Toll Bridge Company's motion to quash, of date prior to the filing of the plea of

privilege. Both defendants were served with citation through their agents, who resided in Montague County.

"The court overruled the plea of privilege, it appearing that both defendants were duly notified, as prescribed by law, at the time and place of the hearing on the plea, the time of said hearing being set and announced in open court in the presence of attorneys for each party in the suit, and the court further overruled plaintiff's demurrer and exceptions to the sufficiency of the defendant's plea of privilege and a change of venue, to which the plaintiff excepted, but it stated that the court was of the opinion that the plea of privilege filed by defendant Texas Louisiana Power Company should be overruled, because it appeared to the court that at the time of the institution of the suit and upon the hearing of said plea, and for the further reason that said controverting affidavit was not filed within the time prescribed by law, there existed in law exceptions to exclusive venue in the county of one's residence in that it appeared that the defendant the Texas Louisiana Power Company, is a corporation and maintains an agent and representative in the County of Montague, and does business in the County of Montague, upon whom service of citation was obtained in said cause, and the court is of the opinion that it has jurisdiction of the parties in said cause. Defendant excepted to the court's judgment and gave notice of appeal.

"It is urged by appellant that the plea of privilege, duly verified, stated exactly the matters which the statute, article 2007, Rev. Civ. Statutes of 1925, requires, and that said plea of privilege then constituted a prima facie right to have the cause transferred.

"Appellee argues that the plea of privilege was insufficient, as a matter of law, in that said plea did not specifically negative the fact that the trial court had jurisdiction over the Terrall Toll Bridge Company, the co-defendant, and cites such cases as Gulf, C. & S. F. Ry. Co. v. Stell, 61 S. W., 980; Gulf, C. & S. F. Ry. Co. v. North Texas Grain Co., 74 S. W., 587; Texas & N. O. Ry. Co. v. Parsons, 109 S. W., 240; Payne v. Coleman, 232 S. W., 537; Yates v. State, 3 S. W. (2d) 114; Thomason v. Ham, 210 S. W., 561.

"Appellant urges that all it had to do was file its plea of privilege in statutory form, and then it was the duty of the trial court, on consideration of said plea, to transfer said cause, where no controverting plea had been filed in due time, and cites such cases as Ray v. Kimball, 207 S. W., 351; Brooks v. Wichita, etc. Co., 211 S. W., 288; Meadows v. Turner, 270

S. W., 899; Waxahachie National Bank v. Rothchild Co., 235 S. W., 633, and other cases of similar import. That a plea of privilege in statutory form, unless contested, establishes absolutely the right to have the venue changed. That plaintiff can no longer rely on the allegations of his petition as prima facie proof of his right to maintain the suit where brought, but is incumbent on him to contest the plea under oath and therein allege the specific fact, or facts, relied on to confer venue of the suit in the court where it is pending, and not only is he required to allege the specific fact or facts, but the burden is on him to prove, at least prima facie, the existence of the same.

"Appellee excepted (and presented his exceptions by cross assignments of error) to the reasons given for the court's overruling of the plea of privilege, and here urges that the court erred in overruling the general demurrer and special exceptions, for the reasons given, or rather that for other reasons which the court did not designate the overruling of said plea was authorized by law. That the plea of privilege as presented was wholly insufficient in law to present in a legal manner the question attempted to be raised thereby, in that the plaintiff had alleged that there were two defendants, towit, the Texas Louisiana Power Company and the Terrall Toll Bridge Company, both corporations having agents in Montague County, upon whom service of citation was served, and such suit being one against both defendants as tortfeasors for damages arising from the wrongful death of Young Wells, as alleged, such plea of privilege would be insufficient as a matter of law to question the venue of such suit in Montague County because it wholly fails to allege that the defendant Terrall Toll Bridge Company is an improper defendant or in any manner joined as such in a fraudulent manner so as to confer jurisdiction in Montague County; and further such plea of privilege does not negative the fact that it is a corporation, having an agent in Montague County; nor does it negative the fact that appellant here is a corporation having an agent in Montague County.

"Other reasons are given in appellee's brief why the trial court erred in not stating in his order overruling the plea of privilege other reasons for overrruling the same, as set out in appellant's brief.

"We are not thoroughly agreed as to what judgment we should render in this case, two of us being rather of the opinion that the judgment of the trial court should be reversed and the cause transferred to Dallas County, and the third member of the court being of the opinion that the trial court did not err in

sustaining the plea of privilege, in view of the showing that the counsel for plaintiff made as to his not being informed of the filing of said plea, although he did his utmost to have the clerk noitfy him of the filing of any papers in the case by the defendants, including this plea of privilege.

"In the case of Watson v. Cobb Grain Co., 292 S. W., 174, opinion by Justice Short of the Commission of Appeals, it is said:

" 'In addition to this judgment, there is a bill of exceptions evidencing the fact that the plaintiff in error moved the Court to allow it to take a nonsuit in the cause before the court had announced its decision upon the presentation and hearing of the pleas of privilege, from which it will be seen that while the question presented involves the construction of three statutes which will be noted hereafter, there is really but one question involved in the application for the writ of error, and that question is whether the trial court lost jurisdiction of the case after the pleas of privilege had been filed and after the plaintiff in error had failed to file a controverting affidavit. It will be noted that the plaintiff in error did not offer to file this affidavit at any time, even though it might have done so after the time allowed by law had good cause been shown for its failure to file the affidavit within the time allowed.'

"In this case the plaintiff's controverting affidavit to the plea of privilege was filed on October 25, 1929, at the subsequent term during which the plea of privilege should have been acted upon. In view of this filing of the controverting affidavit at a subsequent term and in view of the holding of Judge Short in the cited opinion, although it may be said to be obiter dicta, we are somewhat uncertain as to the authority of the trial court to consider said delayed filing of the controverting affidavit at all. Therefore, we submit to your Honors the following questions:

"1.  Did the trial court err in permitting the plaintiffs to file their controverting affidavit at the October term?

"2.  Did the trial court err in overruling the defendant's plea of privilege, either for the reasons given by the trial court or for any other reasons?"

Article 2007 of the statutes provides, among other things, that "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea, under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." We think that the purpose of the Legis-

lature, in prescribing the period of time within which the controverting plea shall be filed, was to limit the time within which such plea may be filed as a matter of right. But we do not think that such provision was intended to affect the power of the court to authorized such plea to be filed after the expiration of the prescribed period, when good cause is shown. It is not to be doubted that upon the filing of the plea of privilege in conformity to the statute, the court, until such plea is properly disposed of, is without jurisdiction to enter a judgment in the main suit against the defendant. The reason for this, as pointed out by Judge Short in Watson v. Cobb Grain Co., 292 S. W., 174, is that the filing of the plea divests the court of jurisdiction, pending disposal of the plea, to enter, in the main suit, a judgment against the defendant. The divesture of jurisdiction to enter judgment against the defendant in the main suit, upon the due filing of his plea of privilege, was the precise question involved and decided in the cases of Craig v. Pittman & Harrison Co., 250 S. W., 667, and Galbraith v. Bishop, 287 S. W., 1087. The precise question involved there was correctly decided; but jurisdiction of the plea of privilege, and of the subject matter of such plea, is quite a different thing. The statute does not say that the failure of the plaintiff to file a controverting plea within the time there prescribed shall have effect to divest the court of jurisdiction of the plea of privilege, or of its subject matter. The contrary appears from the provisions of article 2020, which reads as follows: "If the plea of privilege is sustained, the court shall order the venue to be changed to a proper court of the county having jurisdiction of the parties and the cause. The clerk shall make up a transcript of all orders made in the cause, certifying thereto officially under the seal of said court, and send it with the original papers in the cause to the clerk of the court to which the venue has been changed." Notwithstanding the fact that the plea of privilege constitutes prima facie proof of the defendant's right to change of venue, the court, by clear implication arising from the last mentioned statute, is required to take affirmative action on the plea, by sustaining it. It thus appears that jurisdiction of the subject matter of the plea remains in the court until the court, by affirmative action, surrenders that jurisdiction. Incident to jurisdiction of the subject matter of the plea, the court has authority to allow, for good cause shown, a contest of said plea, even though the contest be filed after the lapse of time prescribed in article 2007.

■ Taking up for consideration the second certified question,

there appears to be little room for debate. It is provided in section 23 of article 1995 of the statutes that "Suits against a private corporation, association or joint stock company may be brought in any county * * * in which such corporation, association or company has an agency or representative." This section of the statute is valid, and applies alike to foreign corporations and domestic corporations. Grayburg Oil Co. v. Powell, 118 Texas, 354. It is alleged in the plaintiffs' controverting affidavit that the Texas-Louisiana Power Company is a private corporation. The supporting affidavit attached to the company's plea of privilege is not set out in the above certificate, but is set out in the transcript which is before us. The fact that said company is a corporation is expressly admitted in said supporting affidavit; consequently there was no need for the plaintiffs to introduce testimony to prove this admitted fact. In the plaintiffs' controverting affidavit, it is alleged that said corporation has an agency and representative in Montague County; and the statement of facts, which accompanies the above certificate, shows that this allegation is sustained by testimony introduced at the hearing of the plea of privilege. The judgment overruling the plea of privilege is, therefore, justified by both pleading and proof. We recommend that the second certified question be so answered; and that the first certified question be answered "No."

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.