### DE SHONG MOTOR FREIGHT LINES, Inc., v. NORTH TEXAS COACH CO.

No. 13557.

Court of Civil Appeals of Texas. Fort Worth.

May 28, 1937.

Rehearing Denied Sept. 3, 1937.

Darden, Burleson & Wilson and Frank M. Wilson, all of Waco, for appellant.

Price & Christopher, of Fort Worth, for appellee.

SPEER, Justice.

North Texas Coach Company, hereinafter referred to as plaintiff, instituted this suit against the De Shong Motor Freight Lines, Inc., hereinafter referred to as defendant, in the Seventeenth district court of Tarrant county, for damages to plaintiff's bus when it collided with defendant's truck on a highway in Potter county, Tex.

Plaintiff alleged that defendant was a corporation and had an agency and representative in charge of said agency in Tarrant county, Tex.; that these conditions existed at the time of the accident from which the damages were sustained; that defendant was guilty of negligence at the time and place in stopping its truck on the paved and traveled part of the highway for a period of more than fifteen minutes, without leaving as much as fifteen feet of the highway opposite said truck free and unobstructed, and without putting out flares or other signals at the required distances in front and to the rear of said truck; that defendant's acts were in violation of the Penal Code of this state and constituted negligence.

The defendant filed its plea of privilege in proper form under article 2007, Rev.Civ. Statutes, claiming its right to be sued, if at all, in Potter county, the place of its domicile.

The plaintiff filed its controverting plea and answer, in which it was especially set out that defendant was a corporation and had an agency and representative in Tarrant county, claiming the court had venue of the cause of action, under exception or subdivision No. 23 of article 1995, Rev.Civ. Statutes 1925.

The answer further contained a copy of the petition filed in the case, which was adopted and made a part of the controverting plea. A general allegation was made in the following language: "Plaintiff says that by reason of the above and foregoing facts as well as the allegations of the plaintiff's original petition herein, heretofore referred to and made a part hereof, and by reason of the facts alleged both herein and in said original petition * * * this court has venue and jurisdiction of this cause of action under the aforesaid subdivision 23 of article 1995, Rev.Civ.Statutes. * * *"

The hearing on defendant's plea of privilege was before the court. Plaintiff's testimony consisted of proof that defendant was a corporation and, at all times involved in this suit, kept and maintained an agency and representative in Tarrant county, Tex. These facts are not controverted by defendant; in fact, they are admitted to be true. No additional testimony was offered, and the court overruled defendant's plea of privilege and entered judgment to that effect.

The defendant has perfected its appeal to this court, predicated upon the insufficiency of the testimony to support the judgment rendered.

Defendant contends that plaintiff's alleged cause of action being one sounding in tort, growing out of alleged violations of a criminal statute, it was necessary for plaintiff to prove to the satisfaction of the court, by competent testimony, at least primarily, that the allegations of its petition were true; in other words, to prove a prima facie cause of action against the defendant, upon the grounds alleged.

■ It would be an endless, if not impossible, task to harmonize the various decisions by our Courts of Civil Appeals involving pleas of privilege. We think the confusion evidenced by the several holdings was brought about by a misconception of the facts necessary to be proven; there is a marked difference in the facts to be proven to entitle plaintiff to recover in the action brought and the facts to be proven to establish venue in a case. The latter may be best understood if they be designated as "venue facts." There are exceptions in our venue statutes, as shown under subdivisions of article 1995, which in their very nature would require proof of one's whole cause of action, if relied upon for venue. Exception No. 9 fully illustrates the point. In that exception, if the action was based alone upon the commission of a crime or trespass by defendant and there were no other alleged grounds of venue, the action would lie where the crime or trespass was committed. But to maintain venue in that county as against a plea of privilege by one residing elsewhere, the plaintiff would have to prove sufficient facts to establish that a crime or trespass had in fact been committed. One of the latest expressions by the Commission of Appeals on this point is shown in Compton v. Elliott, 126 Tex. 232, 88 S.W.(2d) 91. In that case the authorities are thoroughly considered and distinctions drawn between general facts necessary to be proven to entitle plaintiff to recover upon final trial and those termed by the court "venue facts." It appears to be the rule that the nature of the proof required to establish the "venue facts" depends upon the provisions of the exception relied upon.

This court, in the case of Grayson v. Cate, 95 S.W.(2d) 194, 196, had the above-announced rule in mind when we said: "For purposes of venue, the controverting affidavit becomes the plaintiff's replication to the defendant's plea of privilege, making only the issue of venue to be determined by the court."

■ There can be but little doubt that a cause of action could arise in which plaintiff's petition would disclose conditions, which, if proven upon a plea of privilege hearing, would establish venue in more than one place other than that of the domicile of defendant. It is equally true that a petition may disclose more than one exception to the general venue statute, and if one ground be sustained, it is immaterial whether or not another be supported by proof upon the hearing. In Lakeside Irr. Co. v. Markham Irr. Co., 116 Tex. 65, 285 S.W. 593, the certificate to the Supreme Court indicates that plaintiff's petition claimed venue of defendant corporations under exceptions 24, 14, 9, and 28 of article 1830, now article 1995, Rev.Civ.Statutes, 1925. The Commission of Appeals held that since venue was shown under one of

the exceptions as indicated by the answer to the question, it was unnecessary to discuss the remaining three reasons or exceptions. We take this to mean that having shown one of the exceptions to the exclusive venue statute existed, it was immaterial if another alleged ground did not exist.

■ Plaintiff relied upon exception No. 23 for venue in this case. That exception reads as follows: "Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. Suits against a railroad corporation, or against any assignee, trustee or receiver operating its railway, may also be brought in any county through or into which the railroad of such corporation extends or is operated. Suits against receivers of persons and corporations may also be brought as otherwise provided by law."

It will be observed that even this exception contains three separate and distinct conditions under which a corporation may be sued out of the county of its domicile. It provides that corporations may be sued in any county (a) in which the cause of action or any part thereof arose; (b) in any county in which it has an agency or representative, or in which its principal office is situated; and (c) if the corporation be a railroad, then in any county through which it extends or operates. It would not be contended that each and all of the contingencies and subdivisions contained in exception 23 would have to be shown before either could be established, and venue acquired. Such a construction would render ineffective, in many cases, the whole of this exception.

If it be conceded, as contended by defendant in this case, that since plaintiff's cause of action is based upon acts of defendant alleged to be a crime or trespass, and controlled by exception No. 9 to article 1995, Rev.Civ.Statutes, then to sustain venue as against defendant's plea it would be necessary to introduce testimony sufficient to make a prima facie case for recovery on the merits; yet it is unmistakably true that the petition covers exception No. 23, alleging the defendant is a corporation and that it maintains an agency in Tarrant county. If the proof is sufficient to cover that exception, it would be immaterial, under the rule in the Lakeside Irr. Company Case, supra, whether both exceptions be proven or not.

■ The defendant in this case is a corporation, having its domicile in Potter county, and absent exceptions to the general venue statutes, would be entitled to litigate its controversies in that county. But let us assume the accident, out of which this action grows, had happened in a county other than either Potter or Tarrant and plaintiff had filed its suit in the county where the action arose because of a violation of a criminal statute (depending for venue on exception No. 9), then there could be no question but that plaintiff would have had to prove the whole transaction in detail, even though it meant practically two trials of all the facts. This, as we understand it, is the holding by the Commission of Appeals in the Compton v. Elliott Case, supra. But exception No. 23, above quoted, is of equal dignity with that of No. 9, and that part of exception No. 23, relied upon by plaintiff to confer venue in Tarrant county, omitting those parts which have no application here, reads: "Suits against a private corporation * * * may be brought in any county in which * * * such corporation * * * has an agency or representative." Under such allegations the venue facts do not depend upon whether or not the defendant violated any laws of this state but alone upon the issue of fact of whether or not defendant is a corporation, and had an agency or representative in the county where the suit was instituted.

The nature of proof required in such cases is discussed by Mr. Justice Taylor for the Commission of Appeals in the case of Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.(2d) 675, 677. As applicable to the point before us, the court said: "Distinction should be noted at the outset between a trial upon a plea of privilege and a trial upon the merits of a case. The former is to determine whether the complaining defendant is suable on the transaction involved, where plaintiff filed the suit; the latter to determine defendant's liability on the transaction."

The court then refers to Vernon's Ann. Civ.St. art. 1995, which provides for exclusive venue of one to be sued in the place of his domicile except in cases therein enumerated; reference is made to article 2007, wherein plaintiff may controvert the plea of privilege and by this means, says the court:

"The issue of venue, not liability, is thereby raised, when the affidavit is filed."

There is no question but that the contention of defendant here is supported by cases decided by various Courts of Civil Appeals. The case of Brown v. Neyland, 62 S.W.(2d) 227, 229, by the San Antonio Court, is directly in point. There, a corporation was sued in a county outside its domicile but where it had an agency and representative. The court said there was sufficient evidence to support the allegation that defendant was a corporation and had an agency in the county where the suit was filed. It was further said: "But there the proof ended. No evidence was admitted showing or tending to show that appellee ever had any contract or other business relation with the appellants, or any of them. * * * It was necessary, as a basis of venue, that appellee make out a prima facie case which if not rebutted would have entitled him to recover." In support of this holding the cases of Hilliard v. Wilson, 76 Tex. 180, 13 S.W. 25, and Richardson v. Cage Co., 113 Tex. 152, 252 S.W. 747, are cited. We have read these cases and we do not think they support the rule announced by the Court of Civil Appeals.

The only case decided by the Commission of Appeals receiving direct approval of the Supreme Court which decides the identical question before us is the case of Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.(2d) 978, 979. In that case suit was instituted in Montague county, Tex., against the Texas-Louisiana Company and another, in which allegations were made that the named defendant was a corporation and that it maintained an agency and representative in Montague county. For cause of action, allegations were made that defendant's negligence resulted in the death of plaintiff's son. The defendant timely filed its plea of privilege in statutory form. The plea was contested by filing the proper controverting affidavit. The plea of privilege contained an admission that defendant was a corporation. Upon the hearing all the testimony offered by plaintiff in support of his controverting plea was to the effect that the defendant kept and maintained an agency and representative in Montague county at the time plaintiff's cause of action accrued. Upon this proof alone (it not being controverted), along with the admission by the defendant that it was a corporation, the trial court overruled the plea of privilege. The judgment entered recited: "There existed in law exceptions to exclusive venue in the county of one's residence in that it appeared that the defendant the Texas-Louisiana Power Company, is a corporation and maintains an agent and representative in the County of Montague, and does business in the county of Montague, upon whom service of citation was obtained in said cause, and the court is of the opinion that it has jurisdiction of the parties in said cause."

The case was appealed to this court, and for reasons disclosed, the following question was certified to the Supreme Court for answer: "Did the trial court err in overruling the defendant's plea of privilege, either for the reasons given by the trial court or for any other reasons?"

In answering the question, the court reviewed the provisions of exception No. 23, and quoted from it as follows: "Suits against a private corporation, association or joint stock company may be brought in any county * * * in which such corporation, association or company has an agency or representative." Omitting parts not especially applicable to the question, the court further said: "The fact that said company is a corporation is expressly admitted in said supporting affidavit; consequently there was no need for the plaintiffs to introduce testimony to prove this admitted fact. In the plaintiffs' controverting affidavit, it is alleged that said corporation has an agency and representative in Montague county; and the statement of facts, which accompanies the above certificate, shows that this allegation is sustained by testimony introduced at the hearing of the plea of privilege. The judgment overruling the plea of privilege is therefore justified by both pleading and proof." The question was answered in the negative.

We have examined the record that was before this court and the commission in the last above-mentioned case, and find, as stated in the opinion, that defendant admitted it was a corporation, which, as stated by the court, obviated the necessity for proof of that fact, and that the only testimony offered on the allegation that defendant maintained an agent in Montague county was given by plaintiff W. A. Wells, to the effect that when the suit was filed the Texas-Louisiana Power Company maintained an office and agency at Nocona in Montague county, Tex.

The case last cited could hardly be more like the one under consideration here.

We believe the testimony, agreements, and stipulations between the parties establishing conclusively that the De Shong Motor Freight Lines, Inc., at the time of the matters complained of and the institution of this suit, was a corporation, and that it kept and maintained an agency and representative in Tarrant county, was sufficient to support the judgment of the court in overruling the plea of privilege.

We therefore overrule all assignments of error and affirm the judgment of the trial court.