**ALLISON et al. v. VICTORIA BANK & TRUST CO.**

No. 10922.

Court of Civil Appeals of Texas. Galveston.

Feb. 21, 1940.

Rehearing Denied March 21, 1940.

Edward S. Boyles, Bennett Lay, and Willard L. Russell, all of Houston, for appellants.

Crain, Vandenberge & Stofer, of Victoria, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order granting a plea of privilege in an action brought in the district court of Harris County by appellants, Choyce Allison and sixteen others, against appellee, Victoria Bank and Trust Company, seeking the recovery of damages for an alleged conversion of 513 shares of stock in the Humble Oil & Refining Company.

Appellee duly filed its plea of privilege to have said suit tried in Victoria County, the county of its residence.

In due time appellants filed their controverting affidavit, in which they embodied their original petition and claimed venue in Harris County under Subdivisions 9 and 23 of Art. 1995, Revised Statutes of 1925.

On a hearing before the Judge of the 61st District Court of Harris County an order was entered sustaining appellee's

plea of privilege and directing the transfer of the cause to Victoria County. Appellants appeal from this order.

Appellee is a banking corporation organized under the laws of Texas. It is domiciled in Victoria, Victoria County, Texas. Sterling & Baker was a partnership. Its principal office was at Houston, Harris County, Texas. It transacted a general brokerage business in stocks and bonds. The firm and its partners were adjudicated bankrupts on November 2, 1937. Sterling & Baker Securities Corporation was a Texas corporation domiciled in Houston, Harris County, Texas. It was adjudicated a bankrupt on February 21, 1938.

The material facts are undisputed. They are substantially as follows:

Prior to October 14, 1937, appellants, some of whom reside in Harris County, Texas, had purchased and had issued to them certificates of stock aggregating 513 shares of stock in the Humble Oil & Refining Company. These certificates of stock were deposited by appellants with Sterling & Baker or Sterling & Baker Securities Corporation as security for the accounts of such owners with said brokerage concerns.

Prior to the delivery of said 513 shares of stock by appellants to Sterling & Baker or Sterling & Baker Securities Corporation, each of said certificates of stock had been endorsed and assigned in blank on the reverse side of said certificate, respectively, by the appellants in whose names said stock had been issued. The form of the assignment so executed by appellants is as follows:

"For value received,———hereby sell, assign and transfer unto———shares of the capital stock represented by the within certificate, and do hereby irrevocably constitute and appoint———attorney to transfer the said stock on the books of the within named company with full power of substitution in the premises.

"Dated———."

On October 14, 1937, Sterling & Baker Securities Corporation wrote appellee, requesting that the bank make it a loan in an amount up to $20,000, offering as security therefor Humble Oil & Refining Company stock.

On October 15, 1937, appellee replied to such letter, advising its willingness to make a $20,000 loan, enclosing a note and collateral pledge for execution, and suggested that said loan be consummated through its Houston correspondent, Houston National Bank.

Thereupon Sterling & Baker Securities Corporation executed a combined note for such amount and collateral pledge covering the 513 shares of stock in Humble Oil & Refining Company involved in this suit. Said note was made payable on demand to appellee at its office in Victoria, Victoria County, Texas. The note bore 3% interest and said pledge contained the usual provisions for sale of the collateral in the event of non-payment of said note.

Said note and pledge, together with the certificates representing said 513 shares of stock, were delivered by Sterling & Baker Securities Corporation to appellee's correspondent, Houston National Bank, who thereupon charged appellee's account with the amount of $20,000 and credited the same to Sterling & Baker. The Houston National Bank placed said stock certificates in its Custody Department for appellee's account, issued its trust receipt therefor, and transmitted the executed note and trust receipt by mail to appellee. Upon the receipt of the executed note and trust receipt from Houston National Bank appellee credited said bank with the amount of said advance so made.

On December 3, 1937, appellee made demand on Sterling & Baker Securities Corporation for liquidation of said note. Demand was again made on December 11, 1937. At this time Sterling & Baker Securities Corporation were advised that said collateral would be sold if said note was not paid.

On December 15, 1937, appellee directed its correspondent, Houston National Bank, to deliver said stock certificates to E. A. Pierce & Co. of Houston, member of New York Curb Exchange. Upon delivery E. A. Pierce & Co. forwarded said certificates by mail to appellee at Victoria, Texas, for guarantee of the written endorsements thereon. Such endorsements were guaranteed by appellee and returned to E. A. Pierce & Co.

On December 15, 1937, E. A. Pierce & Co., acting under appellee's direction, sold said 513 shares of stock on the New York Curb Exchange in New York City to unknown purchasers and remitted to appellee for the sales price thereof the sum of $31,878.86. Out of said sum appellee credited $20,106.67 on the amount of its

note and interest and paid $3.15 telephone expenses. By appropriate pleadings appellee alleged that it claimed no right to the remainder of the proceeds of said sale, and that it will retain custody thereof until the true owners are established by a court of competent jurisdiction.

The material part of Art. 1995, Revised Statutes of 1925, reads:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile. * * *

"23. Corporations and associations.— Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. * * *"

The material part of Art. 2007, Revised Statutes 1925, reads: "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

The record shows that neither appellee nor its correspondent, the Houston National Bank, had any knowledge of the relationship and status of the various accounts between the brokerage concerns and appellants herein, or that appellants, or any of them, were claiming any right, title, or interest in said stock. No demand was made by appellants upon either appellee or the Houston National Bank for the possession or return of said certificates of stock prior to their sale.

■ Under above facts, appellants must rely upon the acceptance of said stock by the Houston National Bank for appellee as constituting the conversion declared upon, and must establish either that the acceptance thereof, in itself, without any knowledge of wrongful conduct of appellee or its agent, constituted conversion, or that the acceptance of said stock was accompanied by such an affirmative act or wrongful conduct as is contemplated by the term "trespass" in the venue act. Since no wrongful act on the part of appellee or its agent is shown, then it is incumbent upon appellants to show that as a matter of law the acceptance by appellee of said stock in pledge without knowledge of wrongdoing, was in itself such a conversion as would amount to "trespass" under the venue statute.

■ It is the rule in this state that, in passing on the meaning of the term "trespass" as this term is used in the statute relating to the venue of actions, a distinction must be drawn between an affirmative act which causes an injury and a mere omission to perform a duty, and between an act that is done intentionally or wilfully and one which is not accompanied by the degree of prescience thus described. 41 Tex.Jur. page 412.

While the mere acceptance of said certificates of stock by appellee without knowledge of the fact that the pledgor thereof had the right to so use it may be considered as a conversion under a broad definition of said term, we do not think that such conversion would constitute a trespass within the meaning of the venue exception.

■ Our courts have uniformly held that the words "crime, offense, or trespass" under said exception to the venue statute, indicate that the word "trespass" was intended to embrace only actions for such injuries as resulted from wrongful acts wilfully or negligently committed, and not those which resulted from a mere omission to do a duty. Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 26, 16 S.W. 645; Texas Cotton Co-op. Ass'n v. Felton, Tex. Civ.App., 52 S.W.2d 1105; Hudman v. Huelster, Tex.Civ.App., 29 S.W.2d 454.

■ It is further held that the holder or pledgee of securities rightfully in possession thereof, though the legal title thereto may be in another, is not guilty of conversion in the absence of an intent to convert. Zerr v. Howell, Tex.Civ.App., 88 S.W.2d 116, 118; Gulf, C. & S. F. R. Co. v. Pratt, Tex.Civ.App., 183 S.W. 103.

■ In the instant case the certificates of stock in question having been assigned by appellants to Sterling & Baker or Sterling & Baker Securities Corporation by written assignments in blank, and appellee having accepted them in good faith and for value to secure the payment of a note

payable in Victoria County, and said stock having been sold in New York in a manner and at a time expressly authorized by the note and the pledge, without notice either to appellee or its agent, that appellants claimed any right, title, or interest in the stock, we think that appellants have failed to show such an act on the part of appellee as would in law amount to the commission of a trespass in Harris County under Subdivision 9 of the said Art. 1995.

While there is much confusion among our Courts of Civil Appeals as to the facts necessary to be proven to establish venue in a case, we think that the rule is now well settled that there are certain exceptions under subdivisions of Art. 1995, particularly Subdivision No. 9, which in their very nature require proof of plaintiff's entire cause of action if relied upon for venue and that there are certain other subdivisions of said statute which are of equal dignity in which the venue facts do not depend upon whether the defendant violated any laws of this state, but as in Subdivision No. 23, also relied upon by appellants, as to whether or not defendant was a corporation and had an agent or representative in the county where the suit was instituted, and whether or not the cause of action or a part thereof arose in said county.

In the recent case of Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, in discussing Subdivision No. 9 of the venue act, it was held that if an action was based alone upon the commission of a crime or trespass by defendant and there was no other alleged ground for venue, the action would lie where the crime or trespass was committed, and that to maintain an action in that county, as against a plea of privilege by one residing elsewhere, it was necessary for the plaintiff to prove sufficient facts to establish that a crime or trespass had in fact been committed.

It is now the established rule that a petition may disclose more than one exception to such venue statute and that if one of the exceptions to the exclusive venue statutes be sustained it is immaterial whether or not another be supported by proof upon the hearing.

In the instant case appellants relied upon both exceptions Nos. 9 and 23 for venue. Exception No. 23 contains three distinct conditions under which a corporation may be sued out of the county of its domicile. It may be sued in any county (a) in which the cause of action, or a part thereof, arose; (b) in any county in which it had an agent or representative, or in which its principal office is situated; and (c) if the corporation be a railroad, it may be sued in any county through which it extends or operates. Further, it is not necessary that each and all of the contingencies and subdivisions contained in exception No. 23 be shown in order to establish venue. De Shong Motor Freight Lines, Inc., v. North Texas Coach Co., Tex.Civ.App., 108 S.W.2d 766.

While under the authorities it would be necessary to introduce testimony sufficient to make a prima facie case of trespass under said exception No. 23, it is only necessary to show that the defendant is a corporation; that it had a representative in Harris County, and that the cause of action, or a part thereof, arose in Harris County. It is held by the Commission of Appeals, in the case of Lakeside Irr. Co. v. Markham Irr. Co., 116 Tex. 65, 285 S.W. 593, that the proof of either of said exceptions is sufficient to establish venue.

That part of Subdivision 23 relied upon by appellants to confer venue in Harris County, omitting those parts which have no application here, reads: "Suits against a private corporation * * * may be brought in any county in which * * * such corporation * * * has an agency or representative."

As stated above, these venue facts do not depend upon whether or not appellee violated any laws of this state, but alone upon the issue of fact of whether or not defendant is a corporation and has an agency or representative in the county where the suit was instituted.

The identical question before us was decided by the Commission of Appeals, with the approval of the Supreme Court, in the case of Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978, 979. This case was filed in Montague County, Texas, against Texas-Louisiana Co. and another. Plaintiff alleged that the named defendant was a corporation and that it maintained an agency and representative in Montague County. Plaintiff sought damages for the death of his son. A plea of privilege and controverting affidavit were filed. The plea of privilege contained an admission that defendant was a corporation. Upon the hearing plaintiff offered only testimony in support

of his controverting plea to the effect that the defendant kept and maintained an agency and representative in Montague County at the time plaintiff's cause of action occurred. This proof was not controverted and the trial court overruled the plea of privilege. The judgment entered recited: "There existed in law exceptions to exclusive venue in the county of one's residence in that it appeared that the defendant the Texas-Louisiana Power Company, is a corporation and maintains an agent and representative in the County of Montague, and does business in the County of Montague, upon whom service of citation was obtained in said cause, and the court is of the opinion that it has jurisdiction of the parties."

The case was appealed and the following question was certified to the Supreme Court for answer: "Did the trial court err in overruling the defendant's plea of privilege, either for the reasons given by the trial court or for any other reasons?"

In answering the question the Supreme Court said:

" 'Suits against a private corporation, association or joint stock company may be brought in any county * * * in which such corporation, association or company has an agency or representative.'
* * *

"The fact that said company is a corporation is expressly admitted in said supporting affidavit; consequently there was no need for the plaintiffs to introduce testimony to prove this admitted fact. In the plaintiffs' controverting affidavit, it is alleged that said corporation has an agency and representative in Montague county; and the statement of facts, which accompanies the above certificate, shows that this allegation is sustained by testimony introduced at the hearing of the plea of privilege. The judgment overruling the plea of privilege is therefore justified by both pleading and proof."

The question was answered in the negative.

In the instant case it was stipulated by the parties, in so far as the hearing on this plea of privilege is concerned, that appellee is a corporation, domiciled in Victoria County; that in answer to an inquiry of Sterling & Baker Securities Corporation it agreed to make the loan in question and that said transaction should be handled by its correspondent, Houston National Bank of Houston. The note and pledge in question were sent to Sterling & Baker Securities Corporation, who signed said instruments and delivered them, with the certificates of stock in question to the Houston National Bank. The Houston National Bank retained said certificates of stock for the benefit of appellee and forwarded said note and pledge to appellee at Victoria, Texas. Upon failure of Sterling & Baker Securities Corporation to pay said note on demand, acting on instructions of appellee, Houston National Bank turned over said certificates of stock to E. A. Pierce & Co.

The above stipulations and agreements between the parties establish conclusively that at the time of the matters complained of and the institution of this suit appellee was a corporation; that it had a correspondent and representative in Harris County, and that a part of this cause of action arose in Harris County.

Appellee contends that appellants have failed either to allege or prove the facts necessary to confer venue under the exceptions relied on. This contention cannot be sustained. A careful analysis of appellants' controverting plea and their original petition incorporated therein convinces us that they contained the averments necessary to confer venue under said exception No. 23. The stipulations and agreements between the parties contain sufficient proof to support these allegations.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded with instructions to the trial court to retain venue of this cause in Harris County.

Reversed and remanded.