**MUNICIPAL LIFE INS. CO. et al. v. UNITED FIDELITY LIFE INS. CO.**

**No. 11107.**

Court of Civil Appeals of Texas. Galveston.

Jan. 9, 1941.

Rehearing Denied Feb. 6, 1941.

A. D. Dyess, of Houston, for appellants.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order sustaining a plea of privilege, in an action brought in the district court of Harris County by appellants, Municipal Life Insurance Company et al., against appellee, United Fidelity Life Insurance Company.

Appellee filed its plea of privilege to have said suit tried in Dallas County, the county of its residence.

In due time appellants filed their controverting affidavit, in which they embodied their original petition, and claimed venue in Harris County under Subdivision No. 23 of Art. 1995, Revised Statutes of 1925.

On a hearing in the district court of Harris County an order was entered sustaining appellee's plea of privilege and directing the transfer of the cause to Dallas County. Appellants appeal from this order.

The suit was instituted by the Municipal Life Insurance Company, who has its domicile in Harris County, Texas, and by

H. A. Birkelbach and R. B. Kirkpatrick, both of Harris County, Texas, against United Fidelity Life Insurance Company, a Texas corporation with its principal office in Dallas County, Texas, for the alleged breach of a contract of re-insurance, a portion of which was alleged to have been performed by appellee in Harris County. Appellants alleged that defendant was a corporation and has an office in Harris County.

Appellee filed a plea of privilege to be sued in Dallas County, which was duly controverted by appellants.

At the request of appellants, the trial court filed its findings of fact and conclusions of law, the material part of which reads: "I find that defendant, United Fidelity Life Insurance Company, is a corporation duly incorporated under the laws of the State of Texas, with its domicile and principal office in Dallas, Dallas County, Texas, and that such defendant has a representative in Harris County, Texas."

The primary issue made by the pleadings in this action is whether venue was properly laid in the district court of Harris County, Texas. The controlling question to be determined in this appeal is whether a defendant corporation, under the venue statutes of this state, can be sued in any county in which it has an agent or representative.

The material part of Article 1995, Revised Statutes of 1925, reads: "23. *Corporations and associations.*—Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. * * *"

While there is much confusion among our Courts of Civil Appeals as to the facts necessary to be proven to establish venue, we think that the rule is now well settled that there are certain exceptions under subdivisions of Article 1995, Vernon's Ann. Civ.St. art. 1995, which in their very nature require proof of plaintiff's entire cause of action, if relied upon for venue, and that there are certain other subdivisions of such statute, which are of equal dignity, including said Subdivision No. 23 of said statute, in which the venue facts are whether or not defendant was a corporation and had an agent or representative in the county where the suit was instituted,

and whether or not the cause of action arose in said county.

Said exception No. 23 contains three distinct conditions under which a corporation may be sued out of the county of its domicile. It may be sued in any county (a) in which the cause of action, or a part thereof, arose; (b) in any county in which it has an agent or representative, or in which its principal office is situated; and (c) if the corporation be a railroad it may be sued in any county through which it extends or operates. Further it is not necessary that each and all of the contingencies and subdivisions contained in Exception No. 23 be shown in order to establish venue. De Shong Motor Freight Lines, Inc., v. North Texas Coach Co., Tex.Civ.App., 108 S.W.2d 766; Eppenauer v. Shrup, Tex.Civ.App., 121 S.W.2d 473; Central Motor Co. v. Roberson, Tex.Civ. App., 139 S.W.2d 287; American Seed Co. v. Wilson, Tex.Civ.App., 140 S.W.2d 269.

It is held by the Commission of Appeals in the case of Lakeside Irrigation Co. v. Markham Irrigation Co., 116 Tex. 65, 285 S.W. 593, that the proof of either of said exceptions is sufficient to establish venue.

The part of Subdivision No. 23 relied upon by appellants to confer venue in Harris County, omitting those parts which have no application here, reads: "Suits against a private corporation * * * may be brought in any county in which * * * such corporation * * has an agency or representative."

Thus venue facts depend only upon an issue of fact whether or not the defendant is a corporation and has an agent or representative in the county where the suit is brought.

The identical question before us was decided by the Commission of Appeals, with the approval of the Supreme Court of Texas, in Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978, 980. This case was filed in Montague County, Texas, against Texas-Louisiana Power Company and another. Plaintiff alleged that the named defendant was a corporation and that it maintained an agency and representative in Montague County. Plaintiff sought damages for the death of his son. A plea of privilege and controverting affidavit were filed. The plea of privilege contained an admission that defendant was a corporation. Upon a hearing, the plaintiff offered only testimony in support

of his controverting plea to the effect that the defendant kept and· maintained an agency and representative in Montague County at the time plaintiff's cause of action accrued. This proof was not controverted and the trial court overruled the plea of privilege.. The judgment entered recited: "There exists in law exceptions to exclusive venue in the county of one's residence, in that it appeared that the defendant, Texas-Louisiana Power Company, is a corporation and maintains an agent and representative in the County of Montague and does business in the County of Montague upon whom service of citation was obtained in said county and the court is of the opinion that 'it has jurisdiction of the parties."

The case was appealed and the following question was certified to the Supreme Court for answer: "Did the· trial court err in overruling the defendant's plea of privilege, either for the reasons given by the trial court or for any other reasons?"

In answering the question the Supreme Court said: "Suits against a private corporation, association or joint stock company may be brought in any county * * in which such corporation, association or company has an agency or representative. * * * The fact that said company is a corporation is expressly admitted in said supporting affidavit; consequently there was no need for the plaintiffs to introduce testimony to prove this admitted fact. In the plaintiffs' controverting affidavit, it is alleged that said corporation has an agency and representative in Montague county; and the statement of facts, which accompanies the above certificate, shows that its allegation is sustained by testimony introduced at the hearing of the plea of privilege. The judgment overruling the plea of privilege· is therefore justified by both pleading and proof."

The question was answered in the negative.

In the instant case, the appellee in its plea of privilege and its affidavit thereto admitted that it was a corporation. Appellants in their controverting affidavit, duly verified,·alleged that appellee was a corporation, and the court in its findings of fact and conclusions of law found that appellee was a corporation. Appellants in their original petition alleged that the defendant corporation had an agency and representative in Harris County, Texas, naming such representative, and the trial court

in his findings of fact found that appellee was a corporation with its domicile and its principal office in Dallas County and that it had a representative in Harris County, Texas.

The above allegations and findings of the court establish conclusively that at the time of the matters complained of and the institution of this suit, appellee was a corporation, and that it had a representative in Harris County.

For the reasons stated, the judgment of the trial court sustaining said plea of privilege is reversed and the cause remanded, with the instruction that the trial court retain venue of the cause in Harris County.

Reversed and remanded with instructions.