## RURAL LIFE INS. CO. v. CAPERTON.

### No. 5356.

Court of Civil Appeals of Texas. Amarillo.

Nov. 10, 1941.

Rehearing Denied Dec. 8, 1941.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellant.

Poteet & Pruitt, of Vernon, for appellee.

FOLLEY, Justice.

This is an appeal from an order overruling the plea of privilege of the appellant, Rural Life Insurance Company, a corporation of Dallas County, in a suit filed against it in the District Court of Wilbarger County by the appellee, F. A. Caperton.

As a basis for the venue in the county of the suit the appellee urged the provisions of exception 23 of article 1995, Vernon's Annotated Civil Statutes, specifically alleging that the appellant is a corporation with a representative in Wilbarger County.

The appellee offered no proof showing a prima facie right of recovery. The record shows, and the appellant concedes, that the Rural Life Insurance Company is a corporation with a representative in Wilbarger County. The only controversy presented is whether or not the appellee was required to go further and make out a prima facie case in addition to showing that the appellant is a corporation with a representative in Wilbarger County.

Although there has been some diversity of opinion on the point presented we think it is now well settled that each of the three alternate provisions of the first section of exception 23, together with proof of corporate existence, constitutes a separate and distinct set of "venue facts" the establishment of any one of which authorizes the retention of the venue in the county of the suit. As applicable to this case the appellee, after showing the appellant is a corporation, would have been entitled to retain the venue in Wilbarger County by proving the existence of any one of three situations, namely: (1) that the cause of action or a part thereof arose in the county; (2) that the corporation has an agent or a representative in the county; or (3) that the principal office of the appellant is situated in the county. The appellee having shown the appellant is a corporation with a representative in the county, thus relying upon the second provision of the section in question, it was no more incumbent upon him to go further and establish

a cause of action or a part thereof originating in the county under the first provision of the section than it was to further proceed under the third provision of the section and show that the corporation had its principal office in the county. In other words, the appellee having established the existence of one of the three alternate situations, that is, having shown the corporate existence and the representative in the county, sufficient venue facts were established to maintain the suit in Wilbarger County, and we think this holding under the present well reasoned authorities is no longer a controversial question. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978; Painter Bus Lines, Inc., v. Carpenter, Tex.Civ.App., 146 S.W.2d 278; Municipal Life Ins. Co. et al. v. United Fidelity Life Insurance Co., Tex.Civ.App., 147 S.W.2d 288; Farmers' Seed & Gin Co., Inc., v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

The judgment is affirmed.