## UNITED FIDELITY LIFE INS. CO. v. LANGHORNE.

### No. 5901.

Court of Civil Appeals of Texas. Texarkana. Feb. 12, 1942.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellant.

Norman M. West, of Henderson, for appellee.

WILLIAMS, Justice.

This is an appeal from an order overruling the plea of privilege of the appellant, United Fidelity Life Insurance Company, a corporation, in a suit filed against it in the District Court of Rusk County by the appellee, Joe H. Langhorne. As a basis for the venue in the county of suit, appellee urged that portion of Exception 23 of Article 1995, R.C.S.1925, namely, "Suits against a private corporation * * * may be brought in any county * * * in which such corporation * * * has an agency or representative * * *."

Appellee offered no proof showing a prima facie right of recovery. He offered in evidence on the hearing his original petition in which he seeks to recover alleged commissions growing out of an agency contract executed partly in Dallas County, Texas, and partly in the State of Arkansas. No contention is made that the cause of action arose in whole or in part, or that it was performable in whole or in part in Rusk County, Texas. Appellee alleged in his controverting plea, as well as in his petition, and it was admitted upon the hearing, that appellant was a corporation organized under the laws of Texas, with its domicile in Dallas County, Texas; and that at the time this suit was filed, at the time service of citation was had upon Virgil Harris, and at the time of this hearing, the appellant had an agent and representative in Rusk County, in the person of said Virgil Harris, a resident of Rusk County, Texas. The only controversy presented is whether or not the appellee was required to go further and make out a prima facie case in addition to showing that the appellant was a corporation with a representative or agent in said Rusk County. This same question was presented in Rural Life Ins. Co. v. Caperton, Tex. Civ.App., 156 S.W.2d 309, and there decided adversely to appellant's contention. Any observations we might make would be a repetition of the reasons and expressions set out in the above case and the authorities there cited, together with the case of Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

The action of the trial court in overruling appellant's plea of privilege is sustained.

The judgment is affirmed.