### FIRST TRUST JOINT STOCK LAND BANK OF CHICAGO v. BATES et al.
#### No. 13221.

Court of Civil Appeals of Texas. Dallas.

July 3, 1942.

Rehearing Denied Sept. 25, 1942.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellant.

Maxey & Freeman and Joe A. Keith, all of Sherman, for appellees.

BOND, Chief Justice.

This is an appeal from an order overruling a plea of privilege. The suit is based upon a written contract, alleged to have been executed by the defendant in Grayson County, Texas, and performable in that county. The defendant is a corporation and has an agent in Grayson County, with whom the plaintiff negotiated and consummated the written contract with the defendant corporation.

In due time the defendant filed a plea of privilege to transfer the suit to the District Court of Dallas County, Texas, alleging that Dallas County had exclusive venue thereof; and the plaintiff controverted the plea, urging venue exception as provided in Subd. 23, Art. 1995, R.S.: "Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. * * * "

The record reveals that the defendant is a private corporation, that the contract, the breach of which is involved in the suit, was in writing, and the cause of action arose in Grayson County; and that the defendant has an agent in that county. The cause was submitted to the jury, and the jury found (material here) that on December 2, 1940, the date of filing of the suit, H. U. Bean and Tom Barbee, of Grayson County, Texas, were agents of the defendant, representing it in said county. We are not concerned with the facts on the merits of the suit. It is not incumbent upon plaintiffs to prove their cause of action; having established the venue facts under one of the exceptions to the statute, they are not required to go farther and make out a prima facie cause of action, as might be required under other

subdivisions. Rural Life Ins. Co. v. Caperton, Tex.Civ.App., 156 S.W.2d 309; Municipal Life Ins. Co. v. United Fidelity Life Ins. Co., Tex.Civ.App., 147 S.W.2d 288; Painter Bus Lines, Inc., v. Carpenter, Tex.Civ.App., 146 S.W.2d 278; National Aid Life v. Self, Tex.Civ.App., 140 S.W.2d 606; De Shong Motor Freight Lines, Inc., v. North Texas Coach Co., Tex.Civ.App., 108 S.W.2d 766; Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978.

The judgment of the court below is affirmed.

Affirmed.