## ROYAL CREDIT CLOTHIERS, Inc. v. NORRIS.

### No. 10159.

Court of Civil Appeals of Texas. Austin.

June 17, 1953.

Rehearing Denied July 8, 1953.

Hyder & Honts, Elton M. Hyder, Fort Worth, for appellant.

Looney, Clark & Moorhead, Everett Looney and Donald Thomas, Arthur Mitchell, Austin, for appellee.

ARCHER, Chief Justice.

This is a plea of privilege case which was tried before the court without a jury, and after a trial the court entered its judgment overruling defendant's plea of privilege.

No findings of fact or conclusions of law were filed by the trial court and none were requested.

The appeal is before this Court on one point; that since, upon the hearing of the plea of privilege, the plaintiff failed to prove a prima facie cause of action against the defendant, the trial court erred in overruling the defendant's plea of privilege.

The defendant is a private corporation with its one place of business located in Austin, Travis County, Texas.

In its charter it is recited that the main office of the corporation is in Dallas, Dallas County, Texas, with a branch office in Fort Worth, Texas, and such other branch offices as may thereafter be established at other locations.

According to the testimony of F. M. Skinner, president of the corporation, Lacy's Clothiers is a trade name of appellant, and does business in Travis County, and the corporation does not do business in any other county.

The defendant, Royal Credit Clothiers, Inc., doing business as Lacy's Clothiers, filed its plea of privilege and alleged that its residence was in Tarrant County and that the plaintiff had no cause of action that arose in Travis County, and prayed that the suit be transferred to Tarrant County.

The plaintiff, appellee herein, filed his controverting plea, and alleged that defendant, appellant herein, was a private corporation and had as its only place of business in Travis County and maintains its agency and place of business in Travis County, within the meaning of exception 23 to Article 1995, Vernon's Ann.Civ.St., and prayed that the plea be overruled.

It appears from the testimony of appellee, Grady Norris, given by deposition, that he formerly lived in Corpus Christi, Texas, where he was employed in a managerial capacity by a store at a salary of $250 per month and had been previously employed by other business firms; that he was presently employed in Austin.

The witness testified that Mr. Skinner came to Corpus Christi and contacted him and arranged a meeting, and at which other meetings were provided for, at the last of which the following conversation was had:

* * * * * *

"Q. Who was there at the meeting? A. Mr. and Mrs. Skinner, my wife and myself.

"Q. That is at the Driscoll Hotel in Corpus Christi? A. Yes, sir, in Corpus Christi.

\* \* \* \* \* \*

"Q. What did he say? A. He said, 'I would rather pay you $85.00 a week and then pay you five percent of your increase in cash and one percent of the bank deposits and five percent of the P & L accounts.'

"Q. Did you agree to that? A. Tentatively, I did, yes, sir.

"Q. Did you have any other agreements with him except what you had there that night? A. Yes, sir.

"Q. When was that? A. That night; that was not all of it that night.

"Q. What else did he say about the agreement? A. I told him, I said, 'Let's go over here and talk to Mrs. Norris,' and so we went over and sat down with her, and I asked him, 'What about Mr. Parks? If I do go up there just as relief man while he is in the Army, I don't want it at any price, Mr. Skinner.' I said I would not go for any amount of money. 'Where are you going to give him a job when he gets back?' He said, 'Yes, I will give him a job, but I won't give him a job back in Austin. You will take this and go up there and take care of that store, and I know you can. You have got a job for life. You won't ever have to worry.'

"Q. Was anything said about whether or not you would look after the business in order to get this lifetime job? A. That was understood.

"Q. It was understood that you would look after the business in a diligent and businesslike manner? A. Yes, sir, just exactly like it belonged to me. \* \* \*"

Examination by Mr. Hyder of Mr. Norris:

"Q. Did he say anything to you about this being a contract for life except to say that you had, as you mentioned a while ago, that you had a job here as long as you did the job and so forth? A. Well, that is understood, that I would do the work, but I had a job for life; that was understood, too.

"Q. Well, do you remember the words he used in saying you had a job for life? A. I sure do.

"Q. What were they? A. I said, 'I don't want to go up there temporarily; I would not think about leaving Corpus Christi,' and he said, 'If you go up there, you have got a job for life, and you don't need to worry, if you go up there and take that store.'

"Q. Was there anything else said about it except that one remark, that you had a job for life? A. I think not. Mrs. Norris spoke up and said, 'Now, Mr. Skinner, do you mean that?' And he said, 'I certainly do,' and that was that.

"Q. Well, what did you say when he said that? A. I said, 'If that is the case, we will go.'

"Q. You did say, 'We will go'? A. Yes, we will go if that is the case.

"Q. That is the night that you had this conversation? A. Yes.

"Q. And then the next morning you met at the drug store? A. Yes."

The plaintiff was discharged and relieved of his duties on October 20, 1952, at the store in Travis County.

On cross examination the plaintiff further testified concerning the time and circumstances surrounding his discharge by the defendant.

It is established that the appellee was employed on certain grounds and conditions to work in the store of appellant in Travis County, and it is admitted that appellee came to Austin and entered upon the duties of his employment and continued to do so until he was discharged.

Subdivision 23 of Article 1995, V.A.C.S., in part reads:

"Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the

901

county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; * *."

 We believe that appellee discharged the burden placed on him in introducing sufficient evidence to make out a prima facie case in his favor for breach of the oral contract.

It is admitted that appellant is a corporation, has an agency in Travis County, and that appellee resided in Travis County and that he was discharged in Travis County.

 It was not necessary for appellee to rebut, in the trial court, evidence introduced by appellant showing that appellee did not properly perform his contract, in the hearing on the plea of privilege, such rebuttal evidence would properly come on the trial of the case on the merits. Texas Rules of Civil Procedure, rule 94; 2 McDonald, Texas Civil Practice, 671; McCormick & Ray, Texas Law of Evidence, p. 57; Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (Tex.Comm. App.); First Trust Joint Stock Land Bank of Chicago v. Bates, Tex.Civ.App., 164 S.W. 2d 734; Rural Life Ins. Co. v. Caperton, Tex.Civ.App., 156 S.W.2d 309; Banks v. Collins, Tex., 257 S.W.2d 97.

The judgment of the trial court is affirmed.

Affirmed.

HUGHES, Justice (concurring).

The judgment of the trial court should be affirmed for the simple reason that appellant was at all relevant times a resident of Travis County.

Not only appellant's principal place of business but its *sole* place of business was in Travis County. Not only its principal office but its only office was in Travis County. Appellant, a domestic corporation, was, therefore, a resident of Travis County and suable there. 10 Tex.Jur., p. 631, General Venue Rule, Art. 1995, V.A.C.S., and Sec. 23 of said Article.

It is immaterial that appellant had a legal residence in Dallas County by reason of the recitation in its Charter and could have been sued there because a person, including a corporation, may have more than one residence for venue purposes. Pittsburg Water Heater Co. of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576.

Oddly enough appellant did not ask for transfer of this case to Dallas County where it has a legal residence but to Tarrant County where it has no residence of any character.

In my judgment we should express no opinion as to whether appellee pleaded or proved a cause of action against appellant.