**PAINTER BUS LINES, Inc., v. CARPENTER.**

No. 10774.

Court of Civil Appeals of Texas. San Antonio.

Nov. 27, 1940.

Rehearing Denied Jan. 8, 1941.

Ewell H. Muse, Jr., of Austin, for appellant.

Carter & Lewis, H. C. Carter, Champs G. Carter, and Randolph L. Carter, all of San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling the plea of privilege of Painter Bus Lines, Inc., defendant below.

It is contended that appellee, Bonnie Val Carpenter, the plaintiff below, waived her rights asserted by her controverting affidavit in failing to obtain a hearing thereon. Article 2013, Vernon's Tex.Civ.Stats.

The controverting affidavit was filed during the April, 1939, term of said court. No hearing was held on the plea and controverting affidavit during that term, but an order of continuance was entered which recited the court would "not have an opportunity to dispose of the plea of privilege and the controverting affidavit." A continuance without prejudice was ordered.

During the next term of court (June, 1939) the District Court entered another order of continuance, without prejudice, reciting "that the business of the court" would "not permit the court to hold the hearing" and that the same was "postponed by agreement of the parties." The hearing, by this order, was set for August 14, 1939, at which time the hearing was actually held and the order overruling the plea of privilege entered.

Before the hearing, however, the Special Practice Act became applicable to the Civil District Courts of Bexar County. See Article 2092, Vernon's Tex.Civ.Stats., 1939 Supp., and that part of Article 199, Vernon's Tex.Civ.Stats., 1939 Supp., relating to the District Courts of the 37th, 45th, 57th and 73rd Judicial Districts.

Appellant filed a motion to strike the controverting affidavit based upon the contention that the same had been waived. The trial court heard evidence upon the motion and overruled the same. We cannot disturb this ruling. When a hearing upon a plea of privilege and controverting affidavit is continued by a trial court "without prejudice," this court will presume that the trial court acted legally and within the scope of its authority. Here the orders of the trial court indicate that the continuances were ordered in accordance with the provisions of Article 2013. Clearly there is nothing contained in these orders which tends to negative the presumption that the continuances were ordered in compliance with the article. Gregg v. De Shong, Tex. Civ.App., 107 S.W.2d 893. . The evidence of appellant tending to show that the second order of continuance was not the result of an agreement, related to a matter which is not controlling in view of the above holding, and need not be discussed. The fact that the special practice act became effective while the plea of privilege and controverting affidavit were pending, did not deprive the trial court of jurisdiction to set the issue for hearing on August 14, 1939, as provided for in the second order of continuance, nor did it deprive the trial court of jurisdiction to hear and determine said issue upon said date. Paul v. Dutton, Tex.Civ.App., 55 S.W.2d 606.

We next consider the merits of the controversy over the proper venue of this case. Appellee is a resident of De Witt County and brought this action against appellant, a corporation domiciled in Uvalde County, Texas. In her petition, appellee alleged that appellant was engaged in operating busses and transporting passengers as a common carrier from Sabinal, Uvalde County, to San Antonio, Bexar County; that appellee while a passenger on one of appellant's busses was subjected to severe cold and exposure, by reason of appellant's negligence, and that such exposure resulted in serious illness and damage to appellee.

Appellee relies upon exceptions Nos. 23 and 24, of Article 1995, Vernon's Tex.Civ. Stats., for the maintaining of venue of this action in Bexar County. The petition

was expressly made part of the controverting affidavit and the allegations thereof were covered by appellee's oath. The allegations of the affidavit were sufficient to bring the case under Subdivision 23 of Article 1995, which in part provides that: "Suits against a private corporation * * * may be brought in any county * * * in which such corporation * * * has an agency or representative * * *." Appellant's exceptions to the controverting affidavit were properly overruled by the trial court.

■■ Although in the past there was some diversity of opinion among the various Courts of Civil Appeals as to the kind of showing necessary to maintain venue under exception 23 of Article 1995, as well as other exceptions contained in the article, it has now been definitely settled by the Supreme Court that the "venue facts" which plaintiff must necessarily prove differ as to the various exceptions and are dependent upon the particular wording of each exception; and that the venue facts of exception 23, applicable to this case, are (1) that appellant is a corporation, and (2) that it has an agency or representative in Bexar County. It was not necessary for appellee to make a prima facie showing of liability. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. See also National Aid Life v. Self, Tex.Civ.App., 140 S.W.2d 606; General Motors Acceptance Corporation v. Lee, Tex.Civ.App., 120 S. W.2d 622; De Shong Motor Freight Lines v. North Texas Coach Co., Tex.Civ.App., 108 S.W.2d 766.

It is undisputed that appellant is a corporation. Upon the issue of the existence of an agency in Bexar County, appellee introduced in evidence a contract originally entered into between Miller Pendleton and James Amberson, co-partners, and W. R. Painter and Sol West, also co-partners, doing business as Painter's Bus Line. It was shown that Painter's Bus Line was thereafter incorporated as Painter Bus Lines, Inc., and that Southwestern Greyhound Lines, Inc., succeeded to all interests, duties and liabilities under the contract which were originally held by Pendleton and Amberson. It was further shown that said contract was in full force and effect at the time appellee's injuries were alleged to have occurred, at the time the suit was filed and at the time of the hearing upon the plea of privilege.

Under the contract, Pendleton and Amberson and their assigns were obligated to provide terminal facilities for appellant. Pendleton and Amberson retained baggage checking privileges at the motor bus station provided for in the contract, but agreed to receive such articles and baggage as patrons desired transported by Painter's Bus Line and deliver same to the proper bus operator, and "as agents of Painter's Bus Line * * * bill all such articles or parcels and thus be entitled to a fee of ten cents (10¢) on each article transported."

The contract further provided that Pendleton and Amberson should "assume entire responsibility for the handling and sale of all tickets delivered to them by the said Painter's Bus Line and * * * remit daily all funds due and payable therefor, together with daily report of tickets sold or handled."

Appellee also introduced evidence as to actual operations under the contract. From this evidence, it appears that Southwestern Greyhound Lines, Inc., as assignees of Pendleton and Amberson, furnished waiting room and toilet facilities to passengers on appellant's line; handled appellant's passengers' baggage; sold its tickets and remitted money to appellant by "agency drafts," and gave out time tables and information concerning the operation of appellant's lines.

■ The evidence above outlined is sufficient to support a finding or conclusion that appellant "has an agency or representative" in Bexar County, as those terms are used in Article 1995, Subd. 23. Dixie Motor Coach Corporation v. Watson, Tex. Civ.App., 138 S.W.2d 314; Avery Co. of Texas v. Wakefield, Tex.Civ.App., 225 S. W. 875. In the state of the record, we presume the trial court made such finding. City of San Antonio v. Uvalde Rock Asphalt Co., Tex.Civ.App., 11 S.W.2d 829. The fact that the "agency or representative" relied upon in sustaining venue is acting in a corporate capacity is immaterial insofar as the question of venue is concerned, regardless of what effect it might have in other fields of law. We are not here called upon to decide the sufficiency of process served upon an agent or a dispute in which the extent of corporate power under a charter is concerned. It would be an anomalous situation if individuals, such

as Pendleton and Amberson, could be considered as agents and representatives, and their corporate successors such as Southwestern Greyhound Lines, Inc., who performed the same services under the same contract, could not be so considered because of its corporate organization.

As the venue of this case was properly fixed in Bexar County under subdivision 23 of Article 1995, we pretermit discussion with reference to subdivision 24 of the venue article.

The judgment of the trial court is affirmed.