## TRINITY UNIVERSAL INS. CO. v. WALLACE.

### No. 11493.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 7, 1945.

Rehearing Denied March 14, 1945.
Motion to Certify Overruled May 2, 1945.
See 187 S.W.2d 715.

A. E. Wood and W. Sale Lewis, both of Austin, for appellant.

Morriss & Morriss, of San Antonio, and Roscoe C. Runge, of Mason, for appellee.

MURRAY, Justice.

This is an appeal from an order over-ruling the plea of privilege of Trinity Universal Insurance Company, a corporation.

■ The trial court held that venue could be maintained in Mason County under the provisions of Subdivision 23 of Art. 1995, Vernon's Ann.Civ.Stats. Prior to 1943, Subdivision 23 provided, in effect, that a corporation could be sued in any county of this State in which it had an agent or representative. This subdivision was amended in 1943, by the Acts of the 48th Legislature, Ch. 228, Sec. 1, Vernon's Ann.Civ.St. art. 1995, subd. 23, so that it now provides, among other things, that suit may be brought "in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county." Prior to this amendment all the "venue facts" to be proven under the subdivision were that the defendant was a corporation and that it had an agent or representative in the county of suit. Painter Bus Lines, Inc., v. Carpenter, Tex. Civ.App., 146 S.W.2d 278. Under the amendment it would be necessary to prove the third "venue fact," that plaintiff was a resident of the county at the time the cause of action or a part thereof arose. Thus arises the question of the quantum of proof necessary to establish this third fact. Must the plaintiff merely show that his cause of action, if any, or at least a part of it, arose while he was residing in the county of suit? Or, stated another way, must he merely show that the transaction upon which he bases his suit arose in whole or in part while he was a resident of the county in which he files his suit? Or shall he be required to first establish that he has a good cause of action, in all of its elements, and that it arose in whole or in part while he was residing in the county where he is trying to main-tain venue? We are of the opinion that he does not have to go any further than to show by a preponderance of the evidence that the transaction upon which he bases his suit and therefore his cause of action, if any, arose while he was a resident of the county of suit.

■ Prior to the amendment a plaintiff could select any county in the State where the corporation had an agent and there file his suit. Since the amendment he is limited to the county of his residence, if the corporation has an agent in that county. However, he cannot move to a new county after the happening of the transaction upon which he bases his suit and thereby establish venue in that county. It occurs to us that the Legislature in fixing the venue in the county of the residence of the plaintiff at the time the cause of action, or a part thereof, arose did not intend to place the burden on such a plaintiff of establishing each essential element of his cause of action by the preponderance of the evidence, before he could bring suit in the county of his residence against a corporation which also had an agent or representative in such county.

We have found no case construing Subdivision 23, as amended in 1943, so we have placed the construction thereon which we feel is just and reasonable and such as was intended by the Legislature.

The facts here are that I. W. Wallace, as next friend for Vernon L. Wallace, a minor, brought this suit in Mason County against Trinity Universal Insurance Company, a corporation, seeking to set aside a compromise agreement with reference to Workman's Compensation between the minor and the Insurance Company. There is no doubt that Mason County was the residence of the minor at the time his cause of action, if any, arose, and that the corporation has an agent in Mason County. The minor was not required to go further and prove that he had a good cause of action to set the agreement aside on the ground of fraud or on any other ground.

There are other provisions of Subdivision 23, with reference to other counties in which a corporation may be sued, but they are not involved here and for that reason have not been discussed.

The judgment is affirmed.