## TRINITY UNIVERSAL INS. CO. v. WALLACE.

### No. 11493.

Court of Civil Appeals of Texas. San Antonio.

May 2, 1945.

A. E. Wood and W. Sale Lewis, both of Austin, for appellant.

Morriss & Morriss, of San Antonio, and Roscoe C. Runge, of Mason, for appellee.

MURRAY, Justice.

Appellant has filed a motion asking us to certify to the Supreme Court the question of the correctness of our holding to the effect that under the provisions of Subdivision 23 of Article 1995, Vernon's Ann.Civ.Stats., where it is shown that plaintiff resided in the county of suit at the time his cause of action, if any, arose, and that the corporation defendant also had an agent in such county, it will not be necessary for him to go further and prove that he had a good cause of action by proving the necessary constituent elements of the same.

We would be inclined to certify this question but for the fact that we are of the opinion that plaintiff below did show by a preponderance of the evidence all of the necessary constituent elements of his cause of action and that same arose while he was a resident of the county of suit.

The evidence is sufficient to show that appellee was a minor, that he was totally and permanently disabled, and therefore he would have been entitled to compensation in the sum of $8,020. He was induced by a claim agent of the insurance carrier to enter into a compromise agreement for some $140. This agreement was approved by the Industrial Accident Board. The minor was not bound by such agreement and he would be entitled to repudiate such agreement by reason of his minority alone and would not have to show fraud before he could set the same aside. If the minor had been partially incapacitated, or temporarily totally incapacitated, then settlement could have been made with such minor and his receipt taken therefor, as is provided in Sec. 13 of Art. 8306, Vernon's Ann.Civ.Stats. But where the incapacity is total and permanent the rule is otherwise. The trial judge found "that plaintiff's cause of action arose in Mason County, Texas," and the evidence is sufficient to support this finding. This minor was not required to show fraud before he would be entitled to repudiate this compromise settlement, but could rely upon his minority alone for this purpose.

It is true this finding was made in supplementary findings, filed some thirteen

716

days after the original findings were made. Appellant contends we should not consider this finding because it was not filed in keeping with the requirements of Rule No. 298, Texas Rules of Civil Procedure. We have concluded that this rule does not apply to appeals taken in plea of privilege cases.

The motion to certify is overruled.