## DUNCAN COFFEE CO. v. CLEMENT.
### No. 14767.

Court of Civil Appeals of Texas.
Fort Worth.
June 21, 1946.

Rehearing Denied Sept. 13, 1946.

Samuel H. Peak, of Houston, for appellant.

Rogers, Spurlock & Love, Joe Spurlock, and Truman Power, all of Fort Worth, for appellee.

BROWN, Justice.

This is a venue case, and the appellee, Clement, brought suit against appellant, Duncan Coffee Company, alleging, in substance, that he was employed by the defendant as a salesman between January 1, 1942, and September 15, 1942, and was selling the products of the defendant and was being paid a straight commission of fifty cents per hundred pounds of defendant's coffee that was of a low grade, $1.25 per hundred pounds on medium grade coffee, and $2.00 per hundred pounds on its Magnolia, high grade coffee; that under the provisions of the Emergency Price Control Act of the Congress of the United States, as amended in October, 1942 [50 U.S.C.A. Appendix, § 901 et seq.], and the executive orders made, the commissions, the rate of commissions and the amount of the earnings of plaintiff "were frozen and stabilized at the highest salary or commissions paid between January 1, 1942, and September 15, 1942."

He next alleged that he took a leave of absence on September 30, 1942, but returned to active work, to do the same work and handle the same products for the defendant, the latter part of October, 1943, and performed such services up to and until August 5, 1945, and that he earned under the implied contract to pay him such commissions the sum of $16,684.15, but was paid by defendant only the sum of $9,299.12, leaving unpaid a balance owing him of $7,385.03, which defendant has refused to pay.

In the alternative, he pleaded that on or about August 1, 1944, defendant and plaintiff made an agreement in writing; or partly in writing and partly oral, under the terms of which defendant agreed to pay

him as commissions the sum of $1.25 per hundred pounds of the sales made of its Magnolia Coffee and fifty cents per hundred pounds for the sales made of its other brands of coffee, such contract to be effective as of September 1, 1944, but that the defendant breached such contract and failed and refused to comply with same to plaintiff's damage in the sum of $7,385.03.

It was alleged that the plaintiff lives in Tarrant County, and resided there when the cause of action on which he sues arose, and that the defendant corporation maintains an office in the City of Fort Worth, in Tarrant County, where service of process could be had on the defendant.

The defendant corporation filed a statutory plea of privilege to be sued in Harris County, and the plaintiff filed a controverting plea and incorporated therein all the material allegations of his petition, and went further and alleged that the defendant was served with citation by serving one Curtis Scott who was then in charge of the defendant's business for the Fort Worth territory and that the defendant was maintaining an office and agent in Tarrant County at the time the cause of action arose and still so maintains same and that such agent is one upon whom service of process could be made. That the trial court has venue under Section 23 of Article 1995 of the Texas Civil Statutes.

Let us here observe that no effort was made to have the citation quashed because it purported to be served upon one who was not such an agent as that service could be had upon the corporation by serving the said Scott.

Issue was joined, the plea of privilege overruled and the defendant has appealed from such order.

Appellant presents eleven (11) points, and Nos. 1 and 2 are briefed together.

No. 1 asserts that appellee did not sustain the burden of proving a contract in writing or partly written and partly oral, such as he alleged in his controverting affidavit, and point No. 2 asserts that a contract in writing or partly in writing and partly oral containing notice that approval by the National War Labor Board was required, no proof was made of such approval to sustain the burden of proving a cause of action arising under exception 23 of the venue statute.

These contentions show clearly that they are predicated solely upon defensive matters.

The trial court heard the evidence and concluded that the plaintiff made out a prima facie case, the venue of which lies in Tarrant County.

In a well written opinion, Judge Speer of this Court, in Vitopil v. Gray, Tex.Civ. App., 111 S.W.2d 1202, calls attention to the character of proof necessary in a venue case and cites the Supreme Court case of Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810, in which the Supreme Court makes it plain that defensive matters have no proper place in determining the question of venue.

We do not consider it necessary to discuss the remaining nine (9) points. All, in our opinion, go to the merits of the case.

We are of opinion that what was said in Trinity Universal Insurance Co. v. Wallace, Tex.Civ.App., 186 S.W.2d 86, by the Court of Civil Appeals, and the subsequent opinion on motion to certify found in Tex. Civ.App., 187 S.W.2d 715, is sound and applicable to the case at bar.

Finding no reversible error the judgment of the trial court is affirmed.