### EAST TEXAS MOTOR FREIGHT LINE v. JACKSON et al.

### No. 6339.

Court of Civil Appeals of Texas. Texarkana.

Feb. 12, 1948.

Rehearing Granted Dec. 3, 1948.

Strasburger, Price, Holland, Kelton & Miller and Royal H. Brin, Jr., all of Dallas, for appellant.

Norman, Stone & Norman, of Jacksonville, and Shook & Shook, of Dallas, for appellees.

HALL, Justice.

This is an appeal from an order of the District Court of Cherokee County, overruling appellant's pleas of privilege to be sued in Dallas County, its residence. Calvin Jackson and Mrs. Loleta Sherrard, individually and as next friend for her son Robert Joe Sherrard, a minor eight years of age, instituted two suits against appellant East Texas Motor Freight Line, for damages growing out of the same accident, in which it is averred that Calvin Jackson was injured and Joe L. Sherrard was killed. The appellant, defendant below, interposed a plea of privilege in each case alleging that its local residence, office and principal place of business is in Dallas County. The trial court heard the two pleas of privilege together. Both suits were instituted in the District Court of Cherokee County, and appellees' place of residence is alleged in their petitions to be in Cherokee County. Both pleas of privilege were overruled.

Appellant's first point is:

"The court erred in overruling defendants' pleas of privilege, since plaintiffs introduced no evidence to make out even a prima facie cause of action, no evidence of any transaction or occurrence relied upon as giving rise to any cause of action, no evidence as to the time any such cause of

action or part thereof arose or any such transaction or occurrence happened, and no evidence that the plaintiffs resided in Cherokee County at the time the cause of action or part thereof arose or such transaction or occurrence happened, thereby failing to establish venue in Cherokee County under Subdivision 23, Art. 1995."

Since both cases grew out of the same transaction and were heard together by the trial court they will be so considered here and we shall refer to the parties simply as appellant and appellees.

Appellees sought to retain the venue in Cherokee County under Subdivision 23, Art. 1995, R.C.S. of Texas, Vernon's Ann. Civ.St. art. 1995, subd. 23. The part of said statute pertinent here is:

"Suits against a private corporation * * * may be brought in the county in which * * * the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation * * * has an agency or representative in such county".

All the evidence introduced in the court below relates solely to whether appellant had an agent or representative in Cherokee County. No other fact was proven by appellees. They assert that it was only necessary for them to establish that appellant had an agent or representative in Cherokee County in order for them to fix the venue in that county. Before the amendment to Subdivision 23, Art. 1995, by the 48th Legislature in 1943, appellees' position would have been correct. No other fact issue would have been raised by the plea of privilege under the statute as it then existed. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978; De Shong Motor Freight Lines v. North Texas Coach Co., Tex.Civ.App., 108 S.W. 2d 766; Painter Bus Lines v. Carpenter, Tex.Civ.App., 146 S.W.2d 278. However, the amendment referred to above made it necessary for appellees not only to establish the fact that appellant had an agent or representative in Cherokee County, but to go further and establish that the cause of action asserted or a part thereof arose in Cherokee County, by showing a prima facie case in their favor, and that they, appel-

lees, plaintiffs below, were residents of said county, at such time. We think this is the clear meaning of the amendment. To hold, as contended for by appellees, that the fact alone of the residence of appellant's (defendant's) agent or representative in Cherokee County fixes venue in that county, would render the amendment meaningless and of no effect. We think the two opinions by the San Antonio Court of Civil Appeals in Trinity Universal Ins. Co. v. Wallace, 186 S.W.2d 86, and 187 S.W.2d 715, sustain our conclusion. In the first opinion, 186 S.W.2d 86, 87, that court stated:

"* * * Prior to 1943, Subdivision 23 provided, in effect, that a corporation could be sued in any county of this State in which it had an agent or representative. This subdivision was amended in 1943, by the Acts of the 48th Legislature, Ch. 228, Sec. 1, Vernon's Ann.Civ.St. art. 1995, subd. 23, so that it now provides, among other things, that suit may be brought 'in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county.' Prior to this amendment all the 'venue facts' to be proven under the subdivision were that the defendant was a corporation and that it had an agent or representative in the county of suit. Painter Bus Lines, Inc., v. Carpenter, Tex.Civ. App., 146 S.W.2d 278. Under the amendment it would be necessary to prove the third 'venue fact,' that plaintiff was a resident of the county at the time the cause of action or a part thereof arose. Thus arises the question of the quantum of proof necessary to establish this third fact. Must the plaintiff merely show that his cause of action, if any, or at least a part of it, arose while he was residing in the county of suit? Or, stated another way, must he merely show that the transaction upon which he bases his suit arose in whole or in part while he was a resident of the county in which he files his suit? Or, shall he be required to first establish that he has a good cause of action, in all of its elements, and that it arose in whole or in part while he was residing in the county where he is trying to maintain venue? We are of the

opinion that he does not have to go any further than to show by a preponderance of the evidence that the transaction upon which he bases his suit and therefore his cause of action, if any, arose while he was a resident of the county of suit."

In the second opinion, 187 S.W.2d 715, on motion to certify, the court virtually holds that it is necessary to show the elements of the cause of action which arose, in whole or in part, in the county of plaintiff's residence.

In Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, 67, by the Commission of Appeals, it is stated:

"If the phrase 'county in which the plaintiff resided at the time of the accrual of the cause of action', used in subdivision 29 and construed in the Blanton case [A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 622], makes the fact that a cause of action accrued a venue 'fact required to be alleged and proven, then certainly the same meaning and effect must be given to the similar phrase used in subdivision 23, 'county in which the cause of action, or a part thereof, arose.'"

See also Duncan Coffee Co. v. Clement, Tex.Civ.App., 196 S.W.2d 415. This point is sustained.

Judgments of the trial court are reversed and the causes remanded with instructions to the trial court to order them transferred to one of the district courts of Dallas County, Texas.

On Rehearing.

On February 12, 1948, this court handed down its opinion in the above case reversing the judgment of the trial court and ordering "the case transferred to one of the District Courts of Dallas County." Subsequently, motions for rehearing and to certify numerous questions to the Supreme Court were overruled. Appellees then filed their motion with the Supreme Court for permission to file petition for mandamus against this court. The motion was granted and on November 3, 1948, the Supreme Court handed down its opinion, Jackson v. Hall, Tex.Sup., 214 S.W.2d 458, 459, stating:

"It follows that the application is granted as prayed for and the writ of mandamus will issue unless the Court of Civil Appeals amends its judgment so as to remand the cause for a new trial in the District Court of Cherokee County."

In obedience to the above order the opinion of this court heretofore entered, as well as the judgment based thereon, are hereby amended so as to read:

"Judgment of the trial court is reversed and this cause is remanded to the District Court of Cherokee County for a new trial."