MAGNOLIA PETROLEUM CO. et al. v.
MITCHELL et al.

No. 12012.

Court of Civil Appeals of Texas. Galveston.

Oct. 21, 1948.

Rehearing Denied Dec. 9, 1948.

Walace Hawkins, Earl A. Brown and Chas. B. Wallace, all of Dallas, for appellants.

Armstrong, Barker, Bedford & Smith and Markwell & Stubbs, all of Galveston, for appellees.

GRAVES, Justice.

A truck-driver by the name of John A. Sitton, employed by the Magnolia Petroleum Company's wholesale distributor at its bulk-station in the City of Galveston, named Earl Logan, delivered from a truck owned by Logan, about 169 gallons of an inflammable cleaning-fluid, known as "Sovasol", to the Neat Dressers' Club, also located in Galveston.

In making such delivery, Sitton parked the tank-truck of the distributor behind

the pressing-club, and dragged a rubber hose into the cleaning establishment.

During such delivery a large amount of the fluid accumulated on the floor of the club-room near the boiler, and a fire resulted therefrom, destroying property belonging to the appellees.

The appellees brought this suit for damages for their resulting loss against the bulk station-agent, Logan, and the Magnolia Petroleum Company, a Texas corporation, with its principal place of business in Dallas, Texas, appellant here.

Appellees alleged that this fire was caused by the negligence of Sitton in delivering them "Sovasol" at the Neat Dressers' Club, which proximately caused their respective damages; also that both Earl Logan and John Sitton were employees—the former primarily and the latter secondarily—of appellant, Magnolia Petroleum Company, and, on the occasion of the delivery and at the time of the fire, were each acting, respectively, within the scope of their stated authority as its agent.

The appellant filed its plea of privilege to be sued in Dallas County, whereupon the appellees countered with controverting pleas, repeating the averments of negligence and agency recited, and declaring the venue of the suit to be properly laid in Galveston County, pursuant to Exceptions 4, 9 and 23 to Article 1995, Vernon's Texas Civil Statutes.

The trial court, after hearing a great amount of evidence upon the fact-issues so joined in the pleadings, overruled appellant's plea-of-privilege, and, at its request, filed in support of the order findings-of-fact, as follows:

"The Court finds that the following facts have been established on said plea-of-privilege hearing by a preponderance of the evidence:

"1. Plaintiffs Christie Mitchell, Mike Mitchell, Achie M. Crow, Jr., Roy H. Cobb, and Victor A. Micheletti are residents of Galveston County, Texas.

"2. The defendent Earl Logan is a resident of Galveston County, Texas.

"3. The plaintiffs George Mitchell, Marie Mitchell Ballantyne and husband, Mike Ballantyne, are residents of Harris County, Texas.

"4. Defendant Magnolia Petroleum Company is a Texas corporation, having its home office in the City of Dallas, Dallas County, Texas, and has an agent residing in Galveston, Galveston County, Texas, in the person of defendant, Earl Logan.

"5. That Defendant Earl Logan is an agent, servant, and employee of Magnolia Petroleum Company, and was such on July 28, 1947.

"6. That John A. Sitton, Jr., on July 28th, 1947, was an employee and servant of Defendant Magnolia Petroleum Company.

"7. That on said date Earl Logan was the agent and representative of Magnolia Petroleum Company in Galveston and in charge of Magnolia Petroleum Company's bulk-station, and on said date John A. Sitton, Jr., was employed by the Magnolia Petroleum Company, through its agent, Earl Long, as driver of the tank-truck in the City of Galveston for the delivery of Magnolia Petroleum Company's products.

"8. That on the 28th day of July, 1947, the said John A. Sitton, Jr., while acting in the scope of his employment with Magnolia Petroleum Company, and while in the act of making a delivery of approximately 169 gallons of salvasol to the premises and place of business known as the "Neat Dressers' Club," located in a building * * * in the City of Galveston, Texas, and through affirmative acts of negligence, caused and permitted an inflammable substance known as Sovasol to escape and spill upon the floor of said Neat Dressers' Club, which acts of negligence proximately caused a fire, which resulted in the complete destruction of the building located on the aforesaid lots.

"9. That plaintiffs have proven by a preponderance of the evidence that they have a cause-of-action against Defendant Magnolia Petroleum Company, which arose in Galveston County."

" * * * additional findings-of-fact:

"(1) That said John A. Sitton, Jr., permitted some of said cleaning fluid from

said truck to flow upon said floor in the vicinity of said furnace.

"(2) That he knocked over the furnace-blower while leaving said pressing shop.

"(3) That he permitted said liquid to flow from the joint or connection between two sections of said hose.

"(4) That he failed to adjust said hose at said connection so as to avoid the flow or leakage of said liquid from said hose.

"(5) That he failed to observe that said hose was leaking in time to avoid the ignition of said liquid.

"(6) That the defendants were negligent in providing for the delivery of said liquid a hose that was so defective that said liquid leaked and escaped from a joint, or other portion, of said hose, other than from the nozzle.

"(7) That the defendants were negligent in permitting said inflammable liquid, to be delivered by an inadequately trained, inexperienced, and incompetent employee.

"That the foregoing, constituting negligence on the part of said driver and on the part of defendants, were, each and all, severally and concurrently the proximate cause of the fire in question, and plaintiffs' resulting injury and damage."

In this Court appellant presents eight Points-of-Error, the gist of which, en masse, is to attack specifically each and all of the quoted findings upon this ground: "there being no evidence to sustain this finding."

■ Since it is well-settled that the trial court's findings on the facts, in such a non-jury cause as this one was, are as binding upon the Court of Civil Appeals—there being some evidence to support them—as are those of a jury's verdict, (City State Bank in Wellington v. Wellington Independent School Dist., Tex.Civ. App. 1943, 173 S.W.2d 738, affirmed 142 Tex. 344, 178 S.W.2d 114; Williams v. Planters' & Mechanics' Nat. Bank, 91 Tex. 651, 45 S.W. 690; 41 Tex.Jur. 1274, Para. 399) this Court has no authority to set any of the quoted findings aside, unless one or the other of these infirmities is found to have underlain it: (1) That—as so alone contended by appellant here—

there was no evidence to sustain it; (2) That it was so against the overwhelming preponderance of the evidence as to make it clearly wrong, thereby calling for the exercise of this Court's exclusive authority to set it aside upon that account.

■ While it is thus true that appellant's points-of-error do not raise the question of whether any of the quoted-findings require this Court to set it aside because it is so against the overwhelming weight of the evidence, this Court would voluntarily exercise that prerogative, were the record found to be in the condition calling for it. Phenix Dairy v. White et al., Tex. Civ.App., 169 S.W.2d 492, at page 495.

But a careful review of the statement-of-facts, which is unusually bulky for such a hearing, convinces this Court that each and all of the trial court's quoted-findings were—as it specifically recites—sustained "by a preponderance of the evidence", hence may not be disturbed upon this appeal.

It would be supererogatory to undertake a re-statement, or even a comprehensive resume, of the great body of the evidence from which such findings were drawn; especially since it was conceded that the appellant was a private Texas corporation, having its principal place of business in Dallas, Texas, that it owned and maintained the bulk-station for the sale and handling of its products at Galveston, of which Earl Logan was in charge, and that he, in turn, employed John A. Sitton as his truck-driver in delivering products sold by such station.

Wherefore, it may be deduced that the controlling questions presented by the appeal are, first: whether Logan and Sitton were employees or agents of appellant on the occasion of the fire involved, and, as such, were acting within the scope of their authority for it; second: since Logan and Sitton were residents of Galveston County, were either of them guilty of negligence that proximately caused the fire appellees suffered from?

■ If both the foregoing inquiries were properly so found by the court in favor of the appellees, the other incidents

of the three sub-divisions of the venue-statute so invoked followed as a matter of course;. because all the essential venue-facts were therein included and thereby fully proven. Trinity Universal Ins. Co. v. Wallace, Tex.Civ.App., 186 S.W.2d 86, refusal to certify, Tex.Civ.App., 187 S.W. 2d 715;. Duncan Coffee Co. v. Clement, .Tex.Civ.App., 196 S.W.2d 415; Humble Oil & .Refining Co. v.· Bell,· Tex.Civ.App., 172 S.W.2d 800, err. ref.; Humble Oil & Refining Co. v. Hamer, Tex.Civ.App., 167 S.W.2d 272; Painter Bus Lines v. Carpenter, Tex.Civ.App., 146 S.W.2d 278; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

Appellant's major contention upon these issues seems to be this: That the operator of the station, Earl Logan, was conclusively, if not undisputedly, shown to have been—by written· contract to that effect, with such a specific provision therein, by appellant and himself—a mere consignee of its products, and not in any sense. an agent, or employee, of it for whose acts of negligence it was in any wise responsible.

In this connection the trial court apparently heard evidence in detail as to the operation of· the business under such contract and claimed consignee-relationship, and found therefrom that, notwithstanding its recitation upon its face of a consignor and consignee-relationship, no such actual business was carried on between it and· Logan; that, to the contrary, he and the company so acted under and themselves. practically construed the arrangement between them to have been nothing more or less than that of principal and agent, or employer and employee.

It was testified to, for instance, that the detailed instructions the company gave Logan at all stages· of the business were inconsistent with that of an independent contractor, or consignee, or any other relationship than that of employer and employee; that the written contract between· them itself at the time of the fire was not materially different from a preceding one, which had been called "Consignment Contract"; under which the company had recognized that the employees thereunder had been its agents only. Further, that, under his instructions, he was required to deliver the company's products to other agents and distributors, could not take on new customers without the company's approval, which itself bore all losses where credit customers failed to pay; that the very nature of the business and its operation required Logan to employ truck-drivers and other employees under him to perform the labor necessarily involved in the operation of the business, and that he was also vested with the authority not only of necessity to hire employees under him for the company, but to discharge them as well.

So that,· there was ample testimony to authorize the finding by the trial court that the appellant in this instance exercised the most minute supervision and control over Logan's activities for it· in the operation of this bulk-station it maintained at Galveston ·and throughout the territory adjacent thereto that was so assigned to him by it, notwithstanding· the claimed "Consignment ·Contract", and· in direct contravention of any such provisions therein.

It would seem that, in such circumstances, persons in ·charge of bulk-sale stations for petroleum companies, such as that from which this fire resulted, ·are not regarded by the courts as independent contractors or consignees only, but :as agents or employees of the purveying petroleum company. 27 Am.Jur., 490; J. W. Zempter Const. Co. v. Rodgers, Tex.Civ. .App., 45 S.W.2d 763; 23 Tex.Jur. 554; 27 Am.Jur. 501; 116 A.L.R. 462; Gibson v. Texas Co., Tex.Civ.App., 20 S.W.2d 349, err. dism.; Magnolia Petroleum Co. v. Pierce, 132 Okl. 167, 269 P. 1076, 61 A.L. R. 218; Magnolia Petroleum Co. v. Johnson, 149 Ark. 553, 233 S.W. 680; Standard Oil Co. v. Parkinson, 8 Cir., 152 F. 681, 682; Singer Mfg. ·Co. v. Rahn, 132 U.S. 518, 10 S.Ct. 175, 33 L.Ed. 440; Schroeder v. Rainboldt, 128 Tex. 269, 97 S.W.2d 679.

The authorities cited supra, especially those in Texas, seem to this Court to be consistent wholly with the generally-accepted rule that the right of control is the test of whether or not the relation of master and servant exists, or whether that

of an independent contractor is present, and to support the finding of the trial court in this instance, that the relationship was, in fact, that of master or employer and servant, rather than one of a mere consignee or independent contractor.

As concerns the trial court's further finding and conclusion that Logan and Sitton were not only such employees and agents of the appellant, but that they were negligent in causing or permitting a substantial amount of inflammable fluid to collect on the floor of the cleaning and pressing establishment here involved, and that, by reason of the existence of such relationship between them and the appellant, it became liable for such actions upon their part, it is held that there was, at least, sufficient evidence to justify reasonable inferences to such effect.

The judgment will be affirmed.