## PERKINS v. SUPER–COLD SOUTHWEST CO.

### No. 14387.

Court of Civil Appeals of Texas.
Dallas.

June 15, 1951.

Rehearing Denied July 13, 1951.

·H. J. Loe, Charles Patterson and David A. McMahon, all of Fort Worth, for appellant.

Malone, · Lipscomb & Seay, Dallas, for appellee. ·

CRAMER, Justice.

This proceeding was originally filed by the Super-Cold Southwest Company, hereafter called Super-Cold, against Charles Perkins, hereafter referred to as Perkins, seeking recovery of the balance due on a promissory note dated August 1, 1950, by its terms payable to Super-Cold or order "at Dallas, Texas," and for a foreclosure of its chattel mortgage lien on certain personal property securing the note.

The evidence shows the citation was issued and placed in the hands of the sheriff of Tarrant County. Its history, so far as this record shows, ends there. It is neither in the transcript or the statement of facts. There is nothing in the record to show the return date for such case under the citation, since the date of service thereon on Perkins is not shown. The transcript does show that Perkins filed his plea of privilege to be sued in Tarrant County with the District Clerk of Dallas County on October 21, 1950, and Super-Cold filed its motion for an enlargement of time and for permission to file its controverting affidavit to Perkins' plea of privilege on November 3, 1950 and at the same time filed its controverting affidavit. The parties, by agreement approved by the court, reset the hearing on the plea and the controverting affidavit for December 18, 1950 at which time such hearing began. At the conclusion of the hearing judgment was entered reciting findings by the trial court to the effect that no return by the officer serving the citation was on file; no evidence introduced as to when it was served; and further that Super-Cold's attorney did not have a fair notice of the return thereon. The order also enlarged the time for filing of the controverting affidavit. It also found that the controverting affidavit was filed within time, and confirmed the filing of the controverting affidavit by Super-Cold on November 3, 1950; and then in the last paragraph of the order overruled Perkins' plea of privilege. Perkins has, as appellant, duly perfected this appeal from such order. The first point of error complains of the court's order permitting Super-Cold to file its controverting affidavit November 3, which date he asserts was after the time allowed by Rule 86, Texas Rules of Civil Procedure, since (a) the Rule does not permit the trial court to extend the time for filing the controverting affidavit and (b) no good cause for extending the time was shown. This point must be overruled. First, because the trial court did, under Rule 5, V.T.R.C.P., have the right to extend the time for good cause shown and, second, the evidence raises a question of fact for the trial court's determina-

tion of good cause, in that (a) there is no showing in the record here as to when the citation was served, in fact no citation is shown in the record at all; shows the citation was never returned or filed by the sheriff in the District Clerk's office; further, the cost bill of the District Clerk which appears in the transcript shows no charge for the sheriff for serving the same. Rule 86, supra, provides, material here, as follows: " * * * If the plaintiff desires to controvert the plea of privilege, he shall within ten days after appearance day * * * or after the filing of the plea of privilege, *whichever is the later date,* file a controverting plea under oath * * *." (Emphasis ours.) The trial court was under the record authorized to find that the controverting affidavit was filed within 10 days after appearance day as provided by Rule 86. We therefore approve the trial court's finding that the plea was filed within 10 days after appearance day. If it was not so filed, we approve the trial court's finding that good cause actually existed down to the time appellee filed its controverting affidavit. Point 1 is overruled.

The remaining three points assert (1) that Super-Cold did not plead or prove a prima facie case which would entitle it to recover on the merits since the note and chattel mortgage dated August 1, upon which Super-Cold sought recovery, were shown by Perkins' evidence to have been superseded by another contract and chattel mortgage dated August 4, 1950 and payable in Dallas, Texas; (2) that the trial court erred in refusing, under the undisputed evidence, to find as a fact that the note and chattel mortgage of August 1, sued on, were superseded by the note and mortgage dated August 4, therefore no cause of action existed thereon; and (3) that venue was not maintainable in Dallas County under subdv. 5, Art. 1995, V.T. C.S., since in actual practice payments to Super-Cold were made in Tarrant County by deposits, as required by Super-Cold, in the meter box in the electric line to the equipment covered by the mortgage securing the note; therefore the note was being paid to, and collected by, Super-

Cold's agents in Tarrant County. These points must also be overruled. The note was introduced in evidence. It was payable in Dallas County. The proof that it was superseded by another note and contract was defensive matter. Defensive matter has no proper place in a venue hearing. Duncan Coffee Co. v. Clement, 196 S.W.2d 415; Vitopil v. Gray, 111 S.W.2d 1202; both by the Fort Worth Court of Civil Appeals. The fact that payments had been made from time to time by deposits in the machine in Tarrant County did not change the terms of the note requiring Perkins to pay the amounts still unpaid, and sued on here, in Dallas County. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; both by the Commission of Appeals and both opinions expressly adopted by the Supreme Court.

Finding no error in the judgment below, it is, for the reasons stated,

Affirmed.