**MILLIGAN et al. v. SOUTHERN EXPRESS, Inc.**

No. 14456.

Court of Civil Appeals of Texas. Dallas.

Jan. 4, 1952.

Dissenting Opinion March 6, 1952.

Rehearing Denied March 7, 1952.

F. Neilson Rogers, Joe G. Rollins and Hubert Bookout, all of Sherman, for appellants.

Leachman, Matthews & Gardere and J. Carlisle DeHay, all of Dallas, for appellee.

CRAMER, Justice.

Appellants, residents of Grayson County, Texas, filed this action in the District Court of Grayson County, Texas, alleging that on or about May 29, 1948, in Dallas County, Texas, they suffered personal injuries and property damage as a result of a collision involving their automobile and a truck belonging to appellee, which collision was further alleged to be the direct and proximate result of the negligence of appellee, its agents, servants, and employees.

Appellee filed its plea of privilege to be sued in Dallas County, Texas, its corporate domicile, which plea appellants controverted, alleging venue lay in Grayson County, Texas, under subd. 23 of art. 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995; subd. 23, in that appellee maintained an "agency or representative" in Grayson County, Texas.

After a hearing on the plea of privilege, in which evidence of two witnesses was introduced by appellants, the plea of privilege was granted, to which ruling of the court this appeal has been duly perfected.

Appellants attack the court's action with one point of error, to-wit: "On the undisputed evidence before it, the trial court erred in holding that venue as to appellee was properly laid in Dallas County, Texas, under subdivision 23, of Art. 1995, Revised Civil Statutes of Texas of 1925."

Appellee counters that the trial court correctly held venue in Dallas County, under subd. 23, Art. 1995, R.C.S.

Only two witnesses testified, both for appellant. The first witness, G. V. Snowden, a former employee of Northeast Texas Motor Lines, testified in substance, material here, that in connection with his employment with Northeast Texas Motor Lines he performed duties for appellee as follows: He accepted orders for the hauling of freight, picked up and delivered freight, collected money, made charges for services rendered by Southern Express, Inc.; that his Company audited and inspected Southern Express, Inc. books, and Southern Express, Inc., inspected the books kept by him for Southern Express; that he entered into oral contracts for the removal of freight into and out of Grayson County for Southern Express, and Southern Express had control over him as to how he handled freight; he quoted rates to prospective customers of Southern Express.

Loren Mangrum testified in substance, material here, that he was district manager for Northeast Texas Motor Lines and assumed the duties of witness Snowden when Snowden quit his position; that his office accepted orders from customers for freight in the name of Southern Express, but that the freight was picked up by Northeast Texas Motor Lines through contract they held with Southern Express for that purpose; that if someone called up and had freight for Southern Express, they had authority to accept that order for Southern Express and to bill that person for Southern Express; also to pick up and deliver freight for Southern Express, and to collect money and collect charges for Southern Express. He is directly responsible to Northeast Texas Motor Lines, and Northeast Texas Motor Lines is in turn responsible to Southern Express. Southern Express had authority to tell them how to keep the books, and have presented rules for their keeping. There has always been another agent (at Denison) in Grayson County for Southern Express; Southern Express, Inc., is a common carrier and operates trucks daily into and through Grayson County, Texas.

It was undisputed that appellants reside in Grayson County, Texas.

Southern Express introduced their contract with Northeast Texas Motor Lines, which after reciting it was a common carrier of freight by motor vehicle desirous of contracting for depot facilities and a pick-up and delivery service, in substance provided that Southern Express agreed to pay Northeast Texas Motor Lines ten cents per cwt., with modification for amounts over 10,000 lbs.; and Southern Express was to pay B. T. Brown $15 per month for dock space and also monthly phone bill, but no long distance calls; Telephone 565 C.O.D. cards to be made when deliveries are made; all money collected to be reported and remitted each week to 3131 Oakland Street, Dallas, Texas, with copy to Paris office of Northeast Texas Motor Lines; freight on hand to be reported on Form FA–24; Northeast Texas Motor Lines to use forms furnished by Southern Express, Inc.

The contract also contains the following provisions: "(11) It is the intention of the parties by this agreement that their relationship shall be that of independent contractor and contractee; that in the event any claims or suits are made or filed against the Company arising out of the operation of said depot or said pick-up and delivery service, or the performance of this contract. Con-

tractor agrees to defend the Company against such claims and suits, and to hold the Company harmless for all loss and costs, damage, expense, and liability in connection therewith."

Both parties assert that the only question involved is one of law for this Court to decide, and that there is no dispute on the material issue of facts.

It has been held that the venue statute does not attempt to limit the power of an agent to any particular phase of the principal's business. General Motors Acceptance Corp. v. Lee, Tex.Civ.App., 120 S.W. 2d 622. Another corporation may be the "agent or representative" of the defendant corporation. Painter Bus Lines v. Carpenter, Tex.Civ.App., 146 S.W.2d 278.

In determining whether Northeast Texas Motor Lines is an agent or representative of Southern Express, Inc., or an independent contractor, the facts which show the manner and kind of work actually performed between the parties, as well as the contract itself, are to be considered.

From a consideration of all the evidence we have concluded that the duties of Northeast Texas Motor Lines under its contract with Southern Express, Inc., cannot be delegated to an independent contractor, since they are a part of appellee's duties as a common carrier. As a common carrier, appellee's acceptance of freight either through its own employed station agents or through other authorized persons or corporations, made it liable for loss or damage to such freight from the time of such acceptance; and such liability cannot be by it, through contract, shifted to an independent contractor, such duty being in effect a nondelegable duty of a common carrier. When Northeast Texas Motor Lines contracted with Southern Express, Inc., to perform its nondelegable duties to shippers, it, as a matter of law, made the Northeast Texas Motor Lines its agent or representative in connection with the performance of such nondelegable duties, within the meaning of Art. 1995, sec. 23, R.C.S.

"The relation begins when a bill of lading is issued or when goods are received to be carried, * * *." 8 Tex.Jur., p. 40.

"It is the primary duty of a common carrier to provide facilities and appliances reasonably sufficient for the prompt and proper transaction of its business, and in doing so it must look to the volume of business at the various points upon its line and anticipate and make suitable provisions for the amount of business which may reasonably be expected." 8 Tex.Jur., p. 43.

"A duty rests upon common carriers to provide suitable places for the safe reception and delivery or keeping of goods." 8 Tex.Jur., p. 45.

See also 23 Tex.Jur., pp. 573, 574, Independent Contractors, sec. 24, 26.

In addition to the above, it is undisputed that Southern Express, Inc., has an agent or representative at Denison, in Grayson County.

For the reasons stated, the trial court erred in holding that appellee Southern Express, Inc., has no agent or representative in Grayson County, within the meaning of subdv. 23, Art. 1995, R.C.S. Its judgment is therefore reversed and, the evidence having been fully developed, judgment is here rendered overruling appellee's plea of privilege.

Reversed and rendered.

BOND, C. J., dissents.

BOND, Chief Justice (dissenting).

I am constrained in line of duty and the law applicable to the facts in this case to uphold the action of the trial court in sustaining the defendant's plea of privilege. The burden being upon the plaintiffs (appellants) to establish that the defendant (appellee) had such employee, agent or representative residing in Grayson County with discretionary power in performance of services for the defendant, other than contractual, manual services as disclosed by the evidence related in the majority opinion. The plaintiffs having failed to meet such burden, the trial court was warranted to sustain the plea of privilege.

Exceptions to the venue statute are for the benefit of the plaintiff and must be strictly construed and clearly established, to deprive a person of his right to be sued in the county of his residence, and, as to cor-

porations, in the county in which their principal office is situated; and no strained construction of evidence or law should be indulged to deprive anyone of such right. Subdv. 23, Art. 1995, V.A.C.S., upon which plaintiffs rely to maintain venue in Grayson County against the defendant's plea of privilege to be sued in Dallas County, provides: "Corporations and Associations.— Suits against a private corporation, * * .* may be brought in the county in which its principal office is situated; * * * or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation * * * has an agency or representative in such county; * * *."

"The law never presumes agency." 2 Tex.Jur., p. 500, sec. 103. To the same effect see 3 C.J.S., Agency, § 315, p. 252. Agency is always a fact to be established to deprive a corporation of its statutory right or privilege, supra. The term "agency," as employed in subdv. 23, has something to do with the corporate affairs of the corporation, other than matters of contractual, manual or mechanical executions. "If one is employed to perform personal service for another and his physical movements in the performance of such service are subject to the other's control, he is a servant, while if he is employed to represent another in contractual negotiations or similar transactions, he is an agent." 2 C.J.S., Agency, § 2, p. 1029. See Mangum v. Lane City Rice Milling Co., Tex.Civ.App., 95 S.W. 605; Talley v. Shasta Oil Co., Tex.Civ.App., 146 S.W.2d 802; Texas Power & Light Co. v. Adamson, Tex.Civ.App., 203 S.W.2d 275, 276.

In the last above cited case, the plaintiff predicated his controverting affidavit on subdv. 23 of the venue statute; and on facts much stronger for maintenance of the suit outside the domicile of the defendant corporation than are the facts here, the Texarkana Court of Civil Appeals, through Justice Harvey (subsequently a member of our Supreme Court), had this to say: "It is sometimes difficult to distinguish between an agent or representative and a servant or employee. Any one who does the slightest act for another might be the representative of such person for the performance of that limited service if we give the term its broadest meaning. In legal contemplation, however, 'representative' implies something more than that. It connotes the use of at least some discretionary authority; the taking the place of the principal and acting in the furtherance of his business; the power to bind the principal in a contractual sense."

In the opinion of the majority it is held under the related facts therein that the duties of the defendant, Southern Express, Inc., under its contract with Northeast Texas Motor Lines there were nondelegable duties imposed on Northeast Texas Motor Lines, and since they were not a part of the defendant's duties as a common carrier, as a matter of law Northeast Texas Motor Lines was an "agent" or "representative" within the meaning of subdv. 23 of the venue statute. Under the terms of the contract of employment between the two aforesaid corporations, succinctly stated in the majority opinion, were slight, if any, deviations from nondelegable duties contracted in regard to auditing and inspection by the Southern Express. Be that as it may, such auditing and inspection did not destroy the relationship of the parties as contractor and contractee as related in the contract of the parties. The Northeast Texas Motor Lines, at most, was an independent contractor, and not in any way an "agent or representative" of the defendant as contemplated by the venue statute. The holding of the majority that because a nondelegable duty, slight as it may have been, exists by contract, does not make the performer an agent or representative as to confer venue in Grayson County against defendant's plea of privilege. Such holding is a strained construction of evidence not supported by any statute or authority, to deprive the defendant of its statutory rights. Whatever evidentiary value, if any, such nondelegable duties bestowed on the Northeast Texas Motor Lines bearing on the issue of agency, was determined against the plaintiff on trial of the cause; hence binding on this Court.

The judgment of the trial court should be affirmed.