**E. T. HAYES, Appellant,**

**v.**

**SUPER–COLD SOUTHWEST CO.,**
**Appellee.**

**No. 15045.**

Court of Civil Appeals of Texas.
Dallas.

Dec. 9, 1955.

Rehearing Denied Jan. 6, 1956.

sued in Tom Green County. Appellee's petition in the trial court was upon a note for $1,890 payable in Dallas County, in 28 installments of $67.50 each, and for the foreclosure of the chattel mortgage lien on a refrigerator.

The plea of privilege in addition to the usual provisions, alleged under oath as follows: "No part of the written contract between plaintiff and defendant was or is performable in Dallas, Dallas County, Texas, in that under said written agreement, it was provided that defendant should pay for the vegetable display case on the meter plan of payment, whereby defendant deposited $2.50 per day in a meter attached to said machine, and the agent of plaintiff then took said accumulated sums at various times from said meter at defendant's place of business in San Angelo, Tom Green County, Texas. Said collector was the agent of plaintiff and not of defendant. Said system of collection was devised and prescribed by plaintiff and not by defendant. Defendant further alleges that so long as plaintiff's said agent was available for the purpose of making such collections, the money was in the meter box for him to collect, but that since the 7th day of December, 1954, no agent of plaintiff has called at his premises in pursuance of said agreement and for such reason, and such reason only, no payments have been received by plaintiff. The aforesaid written agreement expressly provides: 'If this sale is made on the meter plan of payment, the meter remains the property of the seller and the purchaser acquires no interest therein thereby.' Such provision of the written agreement between plaintiff and defendant controls the respective rights and liabilities of the parties to this suit."

Runge, Hardeman, Smith & Foy, Joe H. Foy, San Angelo, for appellant.

Goldberg & Alexander, Arthur S. Goldberg, Dallas, for appellee.

CRAMER, Justice.

This is an appeal from an order overruling appellant's plea of privilege to be

The plea was controverted that the chattel mortgage specifically provides: " * * that it is performable in Dallas, Texas; that accordingly, the defendant herein has contracted in writing to performing an obligation in Dallas, Texas and suit upon and by reason of such obligation may be brought against the defendant herein in

Dallas County, Texas, in accordance with the provisions of subdivision 5, Article 1995, of Vernon's Revised Statutes of the State of Texas."

After the hearing, the order appealed from was duly entered and this appeal duly perfected therefrom. Appellant briefs one point, to wit: "The court erred in holding that the contract sued upon by plaintiff was a contract performable 'in a particular county' within the meaning of Section 5 of Article 1995, V.C.S."

Appellee countered: "The trial court did not err in holding that the contract sued upon by plaintiff was a contract performable in a particular county within the meaning of Article 1995, subdivision 5, Ver.Rev.Civ.Stat."

The contract provision relied upon by appellant to change venue to Tom Green County provides: "It is specifically understood that in the event the purchaser becomes delinquent in any of the installments as hereinabove set forth, the seller shall have the right to install a meter upon the equipment and purchaser agrees to pay all costs for installation and collection, and such sums shall be added to the total price of said equipment * * *. Whenever a meter shall be placed upon the equipment, the purchaser agrees to deposit in said meter a daily sum, in multiples of 25¢, the aggregate of which shall not be less than the monthly payments shown in the schedule of the face hereof, and further agrees that the seller, its successors and assigns, and/or agents, shall be permitted to enter upon the premises wherein the above described property is situated for the purpose of checking, collecting and servicing said meter, and it is further understood that there shall be no liability on the part of the seller for failure of the meter to operate, due to mechanical defect or any other cause. It is also agreed and understood that the seller does not waive any of its rights to collect the payments stipulated in the contract, and does not waive any other rights which it may have in accordance with the terms of said contract, and it is further agreed and understood that pay-ments deposited in the meter do not constitute payment on the contract of sale until such deposits are actually collected and receipted for by a properly authorized representative. It is expressly agreed and understood that the sale contract is performable in Dallas County, Texas, and this agreement as to the installation and use of a meter in no way changes or alters purchaser's obligation to perform the sale contract in Dallas County, Texas."

It was undisputed that all payments were made on the meter plan, the meter having been placed on the box; that deposits made therein were removed by appellee's agent in Tom Green County where such box was located. It is also undisputed that the note recited that it was payable in Dallas County, with no alternative provision in the note. The burden of appellant's contention is that if the "contract" had merely provided for payment in Dallas County, without thereafter specifying any other method or place of payment, then the contract would be payable in Dallas County; but that the contract here goes further than its provision for payment in Dallas County and provides that the payments may be required in the county where the refrigerator is located—at the option of appellee; that actually the sale was made on the meter plan, with the provision that the refrigerator should not be removed from Tom Green County without seller's consent in writing.

Appellant takes the position that the contract was one performable in a particular county within the meaning of subd. 5, Art. 1995, V.A.C.S.; citing McManus v. Texas Dev. Bureau, Tex.Civ.App., 73 S.W.2d 655; Yell v. Prock, Tex.Civ.App., 238 S.W.2d 238; Rawleigh Co. v. Karnes, Tex.Civ.App., 103 S.W.2d 431.

Appellee takes the contrary view and cites Perkins v. Super-Cold Southwest Co., Tex.Civ.App., 241 S.W.2d 311, and 43–B Tex.Jur. 173–174, sec. 41, and p. 178, sec. 43.

The note provided that the $1,891 be paid, $1 in cash, and 28 monthly installments of

$67.50 each, beginning 30 days from date of delivery of the note; with all usual provisions such as that it was payable at Dallas, Texas, and to be due at holder's option on default of any payment. The note contains no provision for payment by meter, but only for payment of the recited debt evidenced thereby in Dallas County, Texas. The contract contained the provision to the effect that the purchaser should not remove the property from Tom Green County, Texas, without seller's permission, and for the installation of a meter on the box, etc.

Without discussing the distinction to be drawn between the cited cases, we are of the opinion that Perkins v. Super-Cold, supra, is in point and controlling here. The provision in the contract with reference to the meter, in our opinion, did not effect a change in venue. We held in Perkins v. Super-Cold, above, under an identical contract provision, that deposits in a meter box on a refrigerator in Tarrant County did not change the terms of the valid provision in the note which made the note payable in Dallas County.

The note is the basis of the suit; the contract is the basis of the foreclosure of the lien. The contract in which the alternative provision is contained did not enlarge the venue of the cause in the county where the box to be foreclosed was located since appellee had the same right to maintain a foreclosure proceeding in the county where the box was located, under Art. 1995, sec. 12, V.A.C.S., without such alternative provision in the contract.

Appellee here had the legal right to sue on the note in Dallas County and join the foreclosure count in Dallas County; or it could have waived such right and proceeded, under Art. 1995, subd. 12, depending on the foreclosure provision in subd. 12, supra, as a basis for venue. Under the record in this case there was no error in the court's overruling of appellant's plea of privilege, and the judgment of the trial court will be

Affirmed.