F. L. FLYNN et al., Appellants,

v.

GULF PLAINS GRAIN AND ELEVATOR COMPANY, Inc., et al., Appellees.

No. 4711.

Court of Civil Appeals of Texas.

Waco.

June 27, 1968.

Rehearing Denied Aug. 1, 1968.

See also Tex.Civ.App., 430 S.W.2d 526.

change of venue. Rule 86, Texas Rules of Civil Procedure; Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223.

When a plea of privilege is filed it divests the court of jurisdiction to enter judgment in the main suit pending disposal of the pleas. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978.

The trial court was without jurisdiction to grant the temporary injunction; and it is accordingly vacated.

Ewers, Toothaker, Ewers, Abbott & Evins, James C. Abbott, McAllen, for appellants.

Wm. E. Nicholas, Sinton, Bob J. Spann, Corpus Christi, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal from an interlocutory order of the trial court granting plaintiffs' application for temporary injunction, restraining defendants from foreclosing deeds of trust on certain property, while the suit to construe contract entered into by the parties was pending; and is a companion case to No. 4731 handed down this date, Tex.Civ.App., 430 S.W.2d 526.

Plaintiffs' petition was filed on September 29, 1967. On October 9, 1967 defendants filed their pleas of privilege. On October 18, 1967 plaintiffs filed controverting pleas. The trial court, on November 30, 1967, entered the temporary injunction. The pleas of privilege were heard and sustained on February 8, 1968.

The filing of pleas of privilege is prima facie proof of defendants' right to