**GULF PLAINS GRAIN & ELEVATOR COMPANY, Inc., Appellant,**

**v.**

**F. L. FLYNN et al., Appellees.**

**No. 4731.**

Court of Civil Appeals of Texas.

Waco.

June 27, 1968.

Rehearing Denied Aug. 1, 1968.

See also Tex.Civ.App., 430 S.W.2d 525.

William E. Nicholas, Sinton, McDonald, Spann & Smith, Corpus Christi, for appellant.

Ewers, Toothaker, Ewers, Abbott & Evins, McAllen, H. A. Burnett, Sinton, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs from an order granting defendants' plea of privilege.

Gulf Plains Grain & Elevator Company, Grain, Inc., and others, sued F. L. Flynn, Flynn Investment Company, Rio Grande Building & Loan Association (and Joe Sanders, Trustee), in San Patricio County, for declaratory judgment to construe a contract entered into between all of the parties, damages for breach of such contract, and temporary injunction enjoining defendants from foreclosing any liens on properties of plaintiffs while suit is pending.

Gulf Plains Grain & Elevator has its principal office and place of business in San Patricio County; Grain Inc. has its principal office and place of business in Nueces County; and all defendants are residents of Cameron County, Texas.

All four defendants filed their pleas of privilege to be sued in Cameron County, the county of their residence.

Plaintiffs controverted, asserting venue in San Patricio County under Sections 23, 14 and 7 of Art. 1995 Vernon's Ann.Tex. Civ.St.

After hearing, the trial court sustained defendants' pleas of privilege and ordered the cause transferred to the 107th District Court of Cameron County.

Plaintiffs appeal on 3 points, contending the trial court erred in granting defendants' pleas of privilege because:

1) The uncontroverted evidence shows the suit is for damages for breach of contract that occurred in the county of suit, within the meaning of Subdivision 23, Article 1995, by defendant corporation, Flynn Investment Company, when it posted a notice of Trustee's sale.

2) This suit was to remove cloud cast on plaintiffs' title by the posting of notices of Trustee's sale and a threatened foreclosure, within meaning of Subdivision 14, Article 1995.

3) This suit was to declare the rights of parties arising out of fraud within the meaning of Subdivision 7, Article 1995.

Plaintiff Gulf Plains Grain & Elevator Company's manager died, and the company was in poor financial condition. It owed a balance on a $275,000 note to Rio Grande Building & Loan, and a balance on a $40,000 note to F. L. Flynn. Such notes were in default $15,000. Gulf Plains, on June 23, 1966, entered into a contract with Grain Inc., Rio Grande Building & Loan, Flynn Investment Company, (and others) whereby Grain Inc. undertook to furnish Gulf Plains with management services; certain directors of Gulf Plains paid Rio Grande and Flynn Investment $15,000 past due on their notes; Grain Inc. agreed to advance certain operating funds, and guaranteed future interest payments to Rio Grande and Flynn Investment Company; and Grain Inc. received certain stock options from Gulf Plains.

The contract provided that 80% of the profits would go to pay Rio Grande and 20% to pay an outstanding bank loan; that F. L. Flynn be made a director; and provided that the contract could be terminated at the election of either party, after Grain Inc. was fully reimbursed for all advances, and after 1700 shares of stock in Gulf Plains had been delivered to Grain Inc.

The contract further provided: "However this does not constitute a waiver of any right or lien held by Rio Grande Building & Loan Ass'n. or Flynn Investment Company."

F. L. Flynn is a substantial stockholder and director of Rio Grande; is 60% owner of Flynn Investment Company.

While, as noted, the $40,000 note was due to F. L. Flynn individually, the contract ascribed it to Flynn Investment Company, and Flynn signed such contract as President of Flynn Investment Company.

Interest was paid on the note from June, 1966 until October, 1967 and all parties operated under the contract during such period. The interest was paid on the Rio Grande and Flynn notes during such period and 80% of the profits were paid on the principal of such notes, but same was not sufficient to keep such notes current.

In October, 1967, Joe Sanders, Trustee for F. L. Flynn, posted notice of foreclosure of Deed of Trust Lien in favor of Flynn on the real estate of Gulf Plains.

Plaintiffs filed this case against defendants, contending defendants had breached the contract of 23 June, 1966 by posting notice, and secured temporary injunction against defendants' proceeding with the trustee's sale pending final hearing. Plaintiffs contend the whole purpose of the contract was to prevent a foreclosure of the notes held by Rio Grande and Flynn.

All defendants filed pleas of privilege to be sued in Cameron County, which were sustained by the trial court, and plaintiffs assert venue in San Patricio County by

virtue of Subdivisions 23, 14 and 7 of Article 1995.

■ Subdivision 23 provides for venue of suits against a corporation in the county where the cause of action arose. Flynn Investment Company, a corporation, was a signatory to the contract through a mistake. The real party at interest and party who held the $40,000 lien against Gulf Plains was F. L. Flynn, individually; and it is F. L. Flynn, individually, who breached the contract (if there is a breach). Flynn Investment Company held no mortgage or note against plaintiff; posted no notice of foreclosure, and has not breached any contract. Subdivision 23 is inapplicable.

■ Subdivision 14 provides for recovery of lands or to remove incumbrances upon the title to land in the county where the land is situated. Gulf Plains' land is situated in San Patricio County. But this is not a suit to recover lands or remove an incumbrance upon the title to lands. This is a suit for breach of contract.

The pleadings describe no lands, and Subdivision 14 is inapplicable. Leonard v. Carter, Tex.Civ.App., n. w. h., 389 S.W. 2d 147; Cox v. Palacios, Tex.Civ.App., n. w. h., 188 S.W.2d 688; Evans v. Speed, Tex.Civ.App., Er.Dis., 339 S.W.2d 257

■ Subdivision 7 provides that in all cases of fraud, suit may be brought in the county where the fraud occurred. Plaintiffs contend that F. L. Flynn was guilty of a fraud when he signed the contract as President of Flynn Investment Company instead of signing as F. L. Flynn when he knew that it was F. L. Flynn, individually, who owned the note owed by plaintiff Gulf Plains. Assuming without deciding that F. L. Flynn committed a fraud, it was committed in Cameron County. There is no evidence that Flynn did or said anything in San Patricio County. Subdivision 7 is inapplicable.

All of plaintiffs' points are overruled.

Affirmed.